Timothy Michael **ERICKSON,**
petitioner, Appellant,

v.

**STATE of Minnesota, Respondent.**

No. A06–1113.

Supreme Court of Minnesota.

Jan. 4, 2007.

Timothy Michael Erickson, Bayport, MN, Appellant Pro Se.

Kathleen A. Heaney, Sherburne County Attorney, Arden J. Fritz, Assistant Sherburne County Attorney, Sherburn County Government Center, Elk River, MN, Lori Swanson, Minnesota Attorney General, Thomas R. Ragatz, Assistant Minnesota Attorney General, Saint Paul, MN, for Respondent.

## OPINION

HANSON, Justice.

Appellant Timothy Michael Erickson was convicted in Sherburne County District Court of first-degree murder and sentenced to life in prison. On direct appeal to this court, Erickson challenged his conviction, raising arguments concerning his claims of intoxication at the time of the offense, his mental illness defense, and the admissibility of his confession to police.

*State v. Erickson,* 449 N.W.2d 707, 707–08 (Minn.1989). After reviewing the record, we affirmed Erickson's conviction. *Id.* at 708. Sixteen years later, Erickson filed this pro se petition for postconviction relief with the district court, seeking an evidentiary hearing and ultimately a new trial. The postconviction court denied the petition without an evidentiary hearing, concluding that the claims were: (1) procedurally barred; (2) time barred; and (3) without merit. Erickson appeals the denial of his postconviction petition. We affirm the postconviction court.

Erickson's petition for postconviction relief lists several issues and dozens of "facts" under each issue. His petition can fairly be reorganized under five general grounds for relief: (1) denial of a fair trial; (2) prosecutorial misconduct; (3) judicial misconduct; (4) ineffective assistance of trial counsel; and (5) ineffective assistance of appellate counsel.

A petitioner seeking postconviction relief has the burden of establishing by "a fair preponderance of the evidence" that the facts warrant relief. *Roby v. State,* 531 N.W.2d 482, 483 (Minn.1995); Minn.Stat. § 590.04, subd. 3 (2004). If "the petition and the files and records of the proceeding conclusively show that the petitioner is entitled to no relief," a petitioner is not entitled to an evidentiary hearing. Minn.Stat. § 590.04, subd. 1 (2004). Further, allegations in a petition for postconviction relief must be " 'more than argumentative assertions without factual support.' " *Hodgson v. State,* 540 N.W.2d 515, 517 (Minn.1995) (quoting *Beltowski v. State,* 289 Minn. 215, 217, 183 N.W.2d 563, 564 (1971)). When reviewing a postconviction court's decision, we review legal matters, including claims of ineffective assistance of counsel, de novo. *Schleicher v. State,* 718 N.W.2d 440, 445

(Minn.2006); *Opsahl v. State,* 677 N.W.2d 414, 420 (Minn.2004) ("Because claims of ineffective assistance of counsel involve mixed questions of law and fact, our review of decisions by the postconviction court is de novo.").

## I.

▮ In his reply brief Erickson concedes that many of the issues he raised in his brief to this court "should have been raised during trial and or during the appeal process." We agree and conclude that Erickson's claims of denial of a fair trial, prosecutorial misconduct, and judicial misconduct are procedurally barred under our postconviction case law. We have said that "where direct appeal has once been taken, all matters raised therein, and all claims known but not raised, will not be considered upon a subsequent petition for postconviction relief." *State v. Knaffla,* 309 Minn. 246, 252, 243 N.W.2d 737, 741 (1976). "There are two exceptions to the *Knaffla* rule: (1) if a novel legal issue is presented, or (2) if the interests of justice require review." *Taylor v. State,* 691 N.W.2d 78, 79 (Minn.2005). A court may apply the second exception "if fairness requires it and the petitioner did not 'deliberately and inexcusably' fail to raise the issue on direct appeal." *Id.* (quoting *Fox v. State,* 474 N.W.2d 821, 825 (Minn.1991)). When a petitioner fails to argue either exception to *Knaffla,* a postconviction court may decline to apply either exception. *White v. State,* 711 N.W.2d 106, 110 (Minn.2006); *see also Perry v. State,* 705 N.W.2d 572, 575 (Minn.2005) (noting that although the defendant did not argue either *Knaffla* exception in his brief, the court could address the exception in the interests of judicial economy).

Erickson's claims of denial of a fair trial, prosecutorial misconduct, and judicial misconduct were known and could have been raised on direct appeal. The postconviction petition demonstrates that the evidentiary source for these claims is the transcript of the pretrial and trial proceedings. Further, Erickson does not argue for, and these claims do not fit, either *Knaffla* exception—they are not novel because the legal basis to bring them was available on direct appeal. *See Dukes v. State,* 621 N.W.2d 246, 251 (Minn.2001). The petition does not suggest that fairness requires consideration of these claims in the interests of justice, nor does it explain why Erickson's failure to raise these issues for 16 years should not be classified as deliberate or inexcusable.[1] Accordingly, the postconviction court acted within its discretion in denying Erickson's postconviction claims of denial of a fair trial, prosecutorial misconduct, and judicial misconduct without a hearing.

## II.

▮ Erickson argues that his trial counsel was ineffective because counsel (1) failed to confer with Erickson before waiving probable cause arguments pertaining to Erickson's arrest; (2) denied Erickson his right to attend chamber conferences; (3) had conflicts of interest; and (4) failed to follow Erickson's instructions regarding trial strategy.

▮ The *Knaffla* rule bars postconviction claims of ineffective assistance of trial counsel after direct appeal except when the merits of the claim "cannot be

---

1. In addition to the *Knaffla* bar, the state contends that all of Erickson's claims should be time barred because he waited 16 years after his direct appeal to request postconviction relief. We agree that Erickson has not provided any compelling justification for his delay, but we need not reach this issue because we hold that Erickson's claims are *Knaffla* barred.

determined from the district court record and requires additional evidence, such as that involving attorney-client communications." *Torres v. State,* 688 N.W.2d 569, 572 (Minn.2004).

> [T]he issue * * * is whether any information beyond the briefs and trial court record is needed to resolve [defendant's] ineffective assistance of trial counsel claim. If so, [defendant] is entitled to an evidentiary hearing to develop a proper record. If not, his ineffective assistance of trial counsel claim was properly barred under *Knaffla* by the postconviction court.

*Carney v. State,* 692 N.W.2d 888, 891 (Minn.2005).

Many of Erickson's other ineffective assistance of trial counsel claims, including the right to be present at pretrial conferences, attorney conflicts of interest, and counsel's failure to follow Erickson's instructions, are based on the trial record and are *Knaffla*-barred. Erickson's claims are not novel because they were available to Erickson during his direct appeal. And Erickson has not provided any reasons justifying application of the fairness exception. *See Azure v. State,* 700 N.W.2d 443, 449 (Minn.2005) (holding that the fairness exception did not apply because the defendant "did not offer any reason in his postconviction petition for not raising the ineffective assistance of trial counsel claims on direct appeal").

■ The single claim that arguably cannot be determined solely on the trial record is the argument that counsel waived Erickson's right to contest probable cause for his arrest and for search of his person without conferring with Erickson, thus depriving him of due process.

The U.S. Supreme Court has "recognized that the accused has the ultimate authority to make certain fundamental decisions regarding the case, as to whether to plead guilty, waive a jury, testify in his or her own behalf, or take an appeal." *Jones v. Barnes,* 463 U.S. 745, 751, 103 S.Ct. 3308, 77 L.Ed.2d 987 (1983). Similarly, we have said that an evidentiary hearing is warranted on a postconviction claim that counsel failed to consult with the defendant on a matter of trial strategy only where the matter involved a fundamental right. *See Dukes,* 621 N.W.2d at 255 (holding a claim that an attorney's admission of the defendant's guilt without the defendant's acquiescence warranted an evidentiary hearing); *Robinson v. State,* 567 N.W.2d 491, 495 (Minn.1997) (holding a claim that counsel failed to communicate plea offers to the defendant warranted an evidentiary hearing); *see also State v. Osborne,* 715 N.W.2d 436, 442 (Minn.2006) (explaining that a defendant cannot waive his or her fundamental rights to a jury trial or to counsel by silence).[2] But we have not extended these decisions to require proof of consultation with a defendant, or an affirmative waiver by a defendant, before counsel can waive probable cause arguments at an omnibus hearing.

Erickson was present at the hearing when defense counsel announced that he was not contesting probable cause at that time. Counsel specifically stated that he was reserving the right to challenge probable cause after reviewing the grand jury transcripts and counsel did later challenge the admissibility of Erickson's confession

---

**2.** Also, the Minnesota Rules of Professional Conduct state that "[i]n a criminal case, the lawyer shall abide by the client's decision * * * as to a plea to be entered, whether to waive a jury trial and whether the client will testify." Minn. R. Prof. Conduct 1.2(a). But "a lawyer will not be expected to describe trial or negotiation strategy in detail." *Id.* at 1.4 cmt. 5.

and the evidence seized in the search of Erickson's room. Given these circumstances, Erickson's postconviction petition failed to present sufficient facts to warrant an evidentiary hearing. *See, e.g., Townsend*, 582 N.W.2d at 229 (stating that an evidentiary hearing is warranted only where the petition alleges facts which, if proven, would show that counsel's representation fell below a standard of reasonableness and, but for the inadequacies of counsel's representation, the results would have been different).

We hold that the district court did not abuse its discretion in denying Erickson's postconviction claims of ineffective assistance of trial counsel without an evidentiary hearing.

## III.

■■■ Erickson also argues that he received ineffective assistance of appellate counsel. He suggests two grounds: (1) that his counsel "did not introduce material" that he should have introduced during the direct appeal; and (2) that his counsel refused to continue to represent him after completion of his direct appeal. This claim is not procedurally barred under *Knaffla* because it could not have been raised on direct appeal. But Erickson has not alleged sufficient facts in support of the claim to warrant an evidentiary hearing.

As to the first aspect of this claim, Erickson suggests that appellate counsel was ineffective because he failed to argue on direct appeal that his trial counsel was ineffective. An evidentiary hearing on such a claim "is not required unless facts are alleged which, if proved, would entitle a petitioner to the requested relief." *Fratzke v. State*, 450 N.W.2d 101, 102 (Minn.1990). Erickson failed to allege facts which, if proven, would show that the outcome of his appeal might have been different had appellate counsel argued on

direct appeal the ineffective assistance of trial counsel. *See id.* (stating that "generalized allegations of incompetence [of counsel] are not reason for an evidentiary hearing"). Additionally, Erickson failed to include any offer of proof with his petition and mistakenly suggested that the offer would be presented at the evidentiary hearing. Erickson's right to an evidentiary hearing depended on him first making an adequate offer of proof.

With regard to the second aspect of this claim, Erickson had no right to counsel after the completion of his direct appeal. This court has held that the Minnesota Constitution only guarantees the right to counsel for one appeal: either by direct appeal or, if the defendant did not pursue a direct appeal, by the defendant's first postconviction petition. *Deegan v. State*, 711 N.W.2d 89, 98 (Minn.2006); *see also* Minn.Stat. § 611.14(2) (2004) (stating that a person has a right to representation in a postconviction proceeding if he "has not already had a direct appeal of the conviction"). Erickson had appellate counsel in his direct appeal and thus did not have a right to counsel upon the completion of that appeal.

We hold that the district court did not abuse its discretion in denying without an evidentiary hearing Erickson's claim of ineffective assistance of appellate counsel.

Affirmed.