Timothy Michael ERICKSON, petitioner, Appellant,

v.

STATE of Minnesota, Respondent.

No. A13–0349.

Supreme Court of Minnesota.

Feb. 5, 2014.

Timothy Michael Erickson, Bayport, Minnesota, pro se.

Lori Swanson, Attorney General, Matthew Frank, Assistant Attorney General, Saint Paul, Minnesota; and Kathleen A. Heaney, Sherburne County Attorney, Samuel Wertheimer, II, Chief Deputy County Attorney, Elk River, Minnesota, for respondent.

OPINION

WRIGHT, Justice.

Appellant Timothy Michael Erickson challenges the summary denial of his second petition for postconviction relief arising out of the March 22, 1988 murder of Donald Gall. Because the postconviction court did not err, we affirm.

In the early hours of March 22, 1988, Gall was brutally murdered while camping with Erickson and several others on the east bank of the Mississippi River near Saint Cloud.[1] Later that day, Erickson and his brother described to their friend, W.B., how Erickson and others had committed the murder. W.B. reported Gall's murder to Saint Cloud police two days later. Law enforcement officers recovered Gall's body from the river near the campsite; and Erickson was arrested shortly thereafter while waiting at the Saint Cloud bus terminal. After receiving a *Miranda* warning, Erickson admitted committing the murder and subsequently consented to the search of his home.

A grand jury indicted Erickson for the murder, and the case proceeded to trial. During a bifurcated proceeding to address each of Erickson's defenses, the jury concluded that Erickson was not so intoxicated that he was unable to form the necessary intent and thereafter rejected his mental-illness defense. After the jury returned a guilty verdict, the district court convicted Erickson of first-degree murder and imposed a sentence of life in prison. We subsequently affirmed Erickson's conviction on direct appeal. *State v. Erickson* (*Erickson I* ), 449 N.W.2d 707 (Minn.1989).

In March 2006, Erickson filed a pro se petition for postconviction relief in accordance with the effective date provision of Minn.Stat. § 590.01, subd. 4 (2012). *See* Act of June 2, 2005, ch. 136, art. 14, § 13, 2005 Minn. Laws 901, 1098 (providing that "[a]ny person whose conviction became final before August 1, 2005, shall have two years after the effective date of this act [August 1, 2005] to file a petition for postconviction relief"). In his petition, Erickson raised claims of denial of a fair trial, prosecutorial misconduct, judicial misconduct, ineffective assistance of trial counsel, and ineffective assistance of appellate counsel. The postconviction court summarily denied each of Erickson's claims. On appeal, we affirmed the postconviction court's decision. *Erickson v. State* (*Erickson II* ), 725 N.W.2d 532, 534 (Minn.2007). In doing so, we concluded that most of these claims were barred by our decision in *State v. Knaffla,* 309 Minn. 246, 243 N.W.2d 737 (1976), because they could have been raised on direct appeal. *See Erickson II,* 725 N.W.2d at 535. When addressing Erickson's claim that his trial counsel improperly waived his right to challenge probable cause, we observed that "consultation with a defendant, or an affirmative waiver by a defendant, before counsel can waive probable cause" has never been required. *Id.* at 536.

In October 2012, Erickson filed a second petition for postconviction relief. Erickson renewed his claim that appellate counsel was ineffective, arguing that appellate counsel failed to investigate his claims and instead improperly relied on trial counsel when crafting the strategy on direct appeal. The ineffective-assistance-of-appellate-counsel claim was not time barred, Erickson maintained, because this claim was based on newly discovered evidence. According to Erickson, the newly discovered evidence was appellate counsel's Febru-

---

1. Because we addressed the facts surrounding Gall's death in detail in *State v. Erickson* (*Erickson I* ), 449 N.W.2d 707 (Minn.1989), we limit our discussion of the facts here to those that are germane to this appeal.

ary 22, 2012 letter sent in response to Erickson's inquiry about the rationale for selecting the issues raised on direct appeal. In that letter, appellate counsel stated that he had "no independent recollection of why [he] raised the issues [he] did in [Erickson's] case," but explained that he always considers all issues presented to or identified by him and advances the issues that he believes have the best chance of success. In his written submissions to the postconviction court, Erickson also discussed claims of prosecutorial misconduct and ineffective assistance of trial counsel. Erickson claimed that, during his trial, the prosecutor solicited false testimony from a witness and withheld exculpatory evidence. Additionally, he claimed that trial counsel should have challenged probable cause for both the search of Erickson's home and Erickson's arrest.

In its response to Erickson's second postconviction petition, the State interpreted Erickson's submissions as raising four distinct claims—ineffective assistance of appellate counsel, prosecutorial misconduct, ineffective assistance of trial counsel, and denial of a fair trial. The State argued that the claims were time barred under Minn.Stat. § 590.01, subd. 4, and

procedurally barred under *Knaffla,* 309 Minn. 246, 243 N.W.2d 737.

The postconviction court construed Erickson's petition as raising only an ineffective-assistance-of-appellate-counsel claim.[2] Concluding that appellate counsel's February 22, 2012 letter did not satisfy the newly-discovered-evidence exception, the postconviction court summarily denied the second petition as time barred under Minn.Stat. § 590.01, subd. 4. The postconviction court also concluded that the petition was procedurally barred by *Knaffla,* 309 Minn. 246, 243 N.W.2d 737, and *Powers v. State,* 731 N.W.2d 499 (Minn.2007).

On appeal from the postconviction court's summary denial of his second petition for postconviction relief, Erickson raises three claims: (1) ineffective assistance of appellate counsel; (2) prosecutorial misconduct; and (3) ineffective assistance of trial counsel. Because we conclude that all three claims fail as a matter of law, we need not consider whether the postconviction court erred by construing Erickson's petition as raising only an ineffective-assistance-of-appellate-counsel claim.[3]

**2.** The confusion likely arises from Erickson's submission of a 21–page "petition for post-conviction relief" and a 57–page "affidavit memorandum of law." The first document offered prosecutorial-misconduct and ineffective-assistance-of-trial-counsel claims as examples of arguments appellate counsel neglected to investigate in Erickson's direct appeal. The second document addressed prosecutorial misconduct, ineffective assistance of trial counsel, and ineffective assistance of appellate counsel as three independent bases for relief. Although the State interpreted Erickson's petition as raising an unfair-trial claim, that claim was imbedded within his ineffective-assistance-of-trial-counsel claim.

**3.** We remind postconviction courts that they are to liberally construe petitions, look to the

substance of the petition, and "waive any irregularities or defects in form." Minn.Stat. § 590.03 (2012); *Wallace v. State,* 820 N.W.2d 843, 849 (Minn.2012). Here, although the postconviction court did not separately analyze Erickson's prosecutorial-misconduct and ineffective-assistance-of-trial-counsel claims, we need not remand them to the postconviction court because these claims fail as a matter of law. *See, e.g., Voorhees v. State,* 627 N.W.2d 642, 649 (Minn.2001) (concluding that remand was unnecessary when the record was sufficient to determine the postconviction claim without additional fact-finding); *Penn Anthracite Mining Co. v. Clarkson Sec. Co.,* 205 Minn. 517, 520–21, 287 N.W. 15, 17 (1939) (concluding that this court will decide an issue that can be resolved as a matter of law).

■ We review the denial of a petition for postconviction relief for an abuse of discretion. *Roby v. State*, 531 N.W.2d 482, 483 (Minn.1995). In doing so, we review findings of fact for clear error and questions of law de novo. *State v. Hokanson*, 821 N.W.2d 340, 357 (Minn.2012).

■ A postconviction court need not grant a hearing on a claim if the files and records of the proceeding conclusively establish that the petitioner is not entitled to relief. Minn.Stat. § 590.04, subd. 1 (2012). Accordingly, a postconviction court may summarily deny a claim that is time barred. *Riley v. State*, 819 N.W.2d 162, 170–71 (Minn.2012).

Erickson's conviction became final before August 1, 2005. Erickson, therefore, had until August 1, 2007, to bring his claims in accordance with Minn.Stat. § 590.01, subd. 4. *See* Act of June 2, 2005, ch. 136, art. 14, § 13, 2005 Minn. Laws 901, 1098 ("Any person whose conviction became final before August 1, 2005, shall have two years after the effective date of this act [August 1, 2005] to file a petition for postconviction relief."). Erickson filed this postconviction petition in October 2012—more than five years after August 2007. Thus, absent an applicable statutory exception, the time bar precludes all of Erickson's claims. Minn.Stat. § 590.01, subd. 4(a)-(b); *see also Sanchez v. State*, 816 N.W.2d 550, 556 (Minn.2012).

## I.

Erickson argues that his ineffective-assistance-of-appellate-counsel claim meets two exceptions to the time bar—the newly-discovered-evidence exception, Minn.Stat. § 590.01, subd. 4(b)(2), and the interests-of-justice exception, Minn.Stat. § 590.01, subd. 4(b)(5). We disagree.

To satisfy the newly-discovered-evidence exception a petitioner must allege in part: (1) the existence of newly discovered evidence that could not have been ascertained by the exercise of due diligence within the two-year time period for filing a postconviction petition, and (2) that the newly discovered evidence establishes the petitioner's innocence by clear and convincing evidence. Minn.Stat. § 590.01, subd. 4(b)(2); *Clifton v. State*, 830 N.W.2d 434, 438–39 (Minn.2013).

■ As newly discovered evidence, Erickson offers his correspondence with appellate counsel dated February 12 and February 22, 2012. In Erickson's February 12 letter to appellate counsel, Erickson asked counsel to explain the rationale for selecting the issues raised in the direct appeal. Appellate counsel responded in the February 22 letter that he had "no independent recollection of why [he] raised the issues [he] did in [Erickson's] case," but he explained that he always considers all issues presented to or identified by him and advances the issues that he believes have the best chance of success. Counsel's letter does not satisfy the newly-discovered-evidence exception to the time bar for three reasons. First, the February 22 letter does not provide any new information that supports Erickson's claim that appellate counsel failed to investigate Erickson's claims and instead relied on trial counsel to craft the strategy on direct appeal. Rather, the letter explains that appellate counsel had no recollection of his rationale for selecting which issues to raise in Erickson's appeal. Second, nothing in the record supports a conclusion that through the exercise of due diligence Erickson could not have obtained such a letter within the two-year time period for filing a postconviction petition. Third, the February 22 letter fails to establish by clear and convincing evidence that Erickson is innocent. *See* Minn.Stat. § 590.01, subd. 4(b)(2). Indeed, the letter does not pertain to Erickson's guilt or innocence.

■ Having concluded that Erickson's second petition does not satisfy the newly-discovered-evidence exception to the postconviction time bar, we next consider whether the petition meets the interests-of-justice exception. "When determining whether it is in the interests of justice to consider an otherwise time-barred petition for postconviction relief, we may consider several factors." *Francis v. State*, 829 N.W.2d 415, 419 (Minn.2013). The relevant factors include "the degree of fault assigned to the party asserting the interests-of-justice claim." *Id.* (internal quotation marks omitted). In the context of the *Knaffla* rule, we have held that a petitioner's pro se status does not satisfy the interests-of-justice exception. *El–Shabazz v. State*, 754 N.W.2d 370, 375 n. 3 (Minn. 2008) (rejecting the petitioner's claim that his pro se status satisfied the interests-of-justice exception to the *Knaffla* rule when the underlying issue was not beyond his grasp as a pro se litigant).

■ To support his interests-of-justice claim, Erickson argues that the delay in filing his second petition for postconviction relief was caused by circumstances beyond his control, specifically his limited educational attainment and his pro se status. Because Erickson's limited educational attainment and his pro se status did not prevent him from filing his first postconviction petition in accordance with the effective date provision of Minn.Stat. § 590.01, subd. 4, we reject Erickson's claim that those same circumstances prevented him from filing a timely second postconviction petition.

In sum, the record and files conclusively demonstrate that Erickson's ineffective-assistance-of-appellate-counsel claim is time barred. The postconviction court therefore did not err by summarily denying Erickson relief on this claim. *See* Minn.

Stat. § 590.04, subd. 1; *Riley*, 819 N.W:2d at 170–71.

## II.

■■ Erickson next argues that he is entitled to postconviction relief because the prosecutor committed misconduct by: (1) submitting a fraudulent written statement during discovery; (2) soliciting a false statement from a witness at trial; and (3) failing to disclose exculpatory evidence. During Erickson's trial, the State used W.B.'s prior statement to the police to refresh his recollection. When presented with a copy of his police statement, W.B. testified that parts of the statement were incorrect. Based on that testimony, Erickson now asserts that the police obtained the statement fraudulently and that the State must have withheld a true, exculpatory statement.

No statutory exception prevents Erickson's claim from being time barred. Because the prosecutorial-misconduct claims are based solely on events that occurred at his trial, the newly-discovered-evidence exception does not apply. *See* Minn.Stat. § 590.01, subd. 4(b)(2). Likewise, the interests-of-justice exception does not apply because Erickson has not identified any circumstances that support a conclusion that the delay in filing his second postconviction petition was excusable. *See Carlton v. State*, 816 N.W.2d 590, 609 (Minn. 2012). That appellate counsel failed to raise the prosecutorial-misconduct claim on direct appeal does not excuse Erickson's more than 20–year delay in asserting the claim. Moreover, for the reasons discussed in Section I of this opinion, Erickson's limited educational attainment and his pro se status do not excuse the delay.

In sum, Erickson's prosecutorial-misconduct claim does not satisfy either the newly-discovered-evidence or interests-of-justice exception to the time bar. Conse-

quently, Erickson's prosecutorial-misconduct claim is time barred by Minn.Stat. § 590.01, subd. 4.

### III.

■ Erickson finally argues that his trial attorney rendered ineffective assistance of counsel by waiving a challenge to probable cause. This claim relates to his trial attorney's waiver of Erickson's right to contest probable cause for his arrest, the search incident to arrest, and the search of Erickson's home. Erickson acknowledges that we rejected a similar claim in reviewing his first petition for postconviction relief. Nevertheless, he urges us to revisit the issue because, he contends, we did not adequately consider his inexperience when addressing whether his waiver was "knowing and intelligent."

■ It is well established that a postconviction court may summarily deny a postconviction petition when the issues raised in the petition have been decided by the court of appeals or this court in the same case. Minn.Stat. § 590.04, subd. 3 (2012); *Buckingham v. State*, 799 N.W.2d 229, 232 n. 1 (Minn.2011); *Evans v. State*, 788 N.W.2d 38, 44 (Minn.2010). Absent a compelling reason, we will not reconsider a claim that we have previously rejected in the same case. *Reed v. State*, 793 N.W.2d 725, 737 (Minn.2010). Having rejected a similar ineffective-assistance-of-trial-counsel claim when reviewing Erickson's first postconviction petition, we decline to revisit the issue here.

### IV.

In sum, because the files and records of the proceeding conclusively establish that Erickson is not entitled to relief, we conclude that the postconviction court did not err by summarily denying Erickson's second petition for postconviction relief.

Affirmed.