*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A14-0822**

Phillip Anthony Roberts, petitioner,
Appellant,

vs.

State of Minnesota,
Respondent.

**Filed March 9, 2015
Affirmed
Stauber, Judge**

Ramsey County District Court
File No. 62CR087663

Cathryn Middlebrook, Chief Appellate State Public Defender, Carol Comp, Special Assistant State Public Defender, St. Paul, Minnesota (for appellant)

Lori Swanson, Attorney General, St. Paul, Minnesota; and

John Choi, Ramsey County Attorney, Kaarin Long, Assistant County Attorney, St. Paul, Minnesota (for respondent)

Considered and decided by Schellhas, Presiding Judge; Stauber, Judge; and Hooten, Judge.

UNPUBLISHED OPINION

**STAUBER**, Judge

On appeal from the denial of his postconviction petition, appellant argues that the district court abused its discretion by concluding that the petition was time-barred and by denying his request for an evidentiary hearing. We affirm.

**FACTS**

In July 2008, appellant Phillip Anthony Roberts was charged with one count of violation of the controlled-substance law in the third-degree: sale of cocaine. The complaint alleged that on May 20, 2008, appellant sold to an undercover police officer for $100 six bags of a suspected controlled substance. Testing of one of the bags showed that it contained .27 grams of cocaine.

Appellant did not challenge the state's evidence and did not dispute that the substance was cocaine. Instead, he pleaded guilty to the charged offense in June 2009, and was sentenced to 49 months in prison. He did not file a direct appeal.

In 2012, the St. Paul Police Department Crime Laboratory (SPPDCL) lost its certification after an investigation revealed serious systemic errors in laboratory protocols and testing processes. Appellant petitioned for postconviction relief on December 17, 2013, seeking to withdraw his guilty plea because the problems "involving deficient controlled substance testing" by the SPPDCL constituted newly discovered evidence. Appellant also argued that in light of the reported deficiencies in the controlled-substance testing protocols at the SPPDCL, his plea was invalid and withdrawal should be permitted in the interests of justice. Finally, appellant argued that "[a]t the very least," an

evidentiary hearing was necessary "to resolve the material facts and issues presented" in his petition.

The postconviction court determined that appellant "has not sufficiently demonstrated that evidence of the [SPPDCL's] deficiencies falls under an exception to Minn. Stat. § 590.01 in this case or that his guilty plea was invalid." The court then concluded that because appellant did not meet any exceptions to the two-year time limit for postconviction relief set forth in section 590.01, "his petition is time barred." Thus, the postconviction court denied appellant's petition without an evidentiary hearing. This appeal followed.

## D E C I S I O N

We review a summary denial of postconviction relief for an abuse of discretion. *Powers v. State*, 695 N.W.2d 371, 374 (Minn. 2005). "A postconviction court abuses its discretion when its decision is based on an erroneous view of the law or is against logic and the facts in the record." *State v. Nicks*, 831 N.W.2d 493, 503 (Minn. 2013) (quotation omitted).

A petition for postconviction relief must be filed within two years of the later of "(1) the entry of judgment of conviction or sentence if no direct appeal is filed; or (2) an appellate court's disposition of petitioner's direct appeal." Minn. Stat. § 590.01, subd. 4(a) (2014). But, a petition filed after the two-year time limit may be considered if it satisfies one of several statutory exceptions. Minn. Stat. § 590.01, subd. 4(b) (2014) (listing five exceptions). A postconviction petitioner is not entitled to relief or an evidentiary hearing on an untimely petition unless he can demonstrate that "he satisfies

3

one of the [statutory] exceptions . . . and that application of the exception is not time-barred." *Riley v. State*, 819 N.W.2d 162, 168 (Minn. 2012). If the petitioner does not demonstrate that an exception applies and that application of the exception is timely, the postconviction court may summarily deny the petition. *Id.*

Appellant acknowledges that his petition was untimely under Minn. Stat. § 590.01, subd. 4(a). But he claims that the postconviction court should have considered his petition under the newly discovered-evidence and interests-of-justice exceptions. Appellant further claims that "[a]t a minimum, the postconviction court should have held an evidentiary hearing on these issues."

## I.    Newly discovered evidence

Under the newly discovered-evidence exception, a court may hear an untimely petition for postconviction relief if (1) "the petitioner alleges the existence of newly discovered evidence"; (2) the evidence "could not have been ascertained by the exercise of due diligence by the petitioner or petitioner's attorney within the two-year time period for filing a postconviction petition"; (3) "the evidence is not cumulative to evidence presented at trial"; (4) the evidence "is not for impeachment purposes"; and (5) the evidence "establishes by a clear and convincing standard that the petitioner is innocent of the offense or offenses for which the petitioner was convicted." Minn. Stat. § 590.01, subd. 4(b)(2). "All five criteria must be satisfied to obtain relief." *Riley*, 819 N.W.2d at 168.

Appellant argues that because no one was aware of the deficiencies at the SPPDCL until 2012, the information regarding these problems is newly discovered

4

evidence. We disagree. This court recently affirmed the denial of another postconviction petition brought by appellant arising out of his separate 2005 drug conviction, in which he similarly alleged that the SPPDCL problems constituted newly discovered evidence that operate as an exception to the time-bar of section 590.01, subdivision 4(b). *Roberts v. State*, 856 N.W.2d 287, 290-91 (Minn. App. 2014), *review denied* (Minn. Jan. 28, 2015) (*Roberts I*).[1] In *Roberts I*, this court concluded that appellant failed to demonstrate that he could not have discovered the deficiencies in the SPPDCL testing processes with due diligence.[2] *Id.* at 291. This court reasoned:

> [Appellant] does not claim that he made any effort to investigate the validity of the test results. Nor does he claim that anyone prevented him from doing so. Instead, he merely asserts that the deficiencies in the crime lab's procedures could not have been discovered with due diligence because no one had reason to suspect problems at the crime lab. That assertion is belied by [appellant's] postconviction submissions, which show that the defendant in the 2012 Dakota County case discovered the deficiencies.

*Id.*

In this case, the record reflects that appellant made no effort to investigate the validity of the test results. In fact, the record reflects that although he had the right to

---

[1] This court also recently released an unpublished opinion affirming the denial of a third postconviction petition brought by appellant arising out of his 2002 conviction of second-degree controlled-substance crime in which he raised the same challenges presented here and in *Roberts I*. *Roberts v. State*, A14-0598, 2015 WL 134050, *2-4 (Minn. App. Jan. 12, 2015) (*Roberts II*).

[2] In a footnote, this court stated that it "assume[d] without deciding that the newly-discovered-evidence exception is applicable to a request for postconviction relief in the form of a plea withdrawal, even though the plain language of [section 590.01, subdivision 4(b)(2)] suggests that it only applies to convictions resulting from a trial." *Roberts I*, 856 N.W.2d at 291 n.2.

5

discover the results, to cross-examine the testing chemist, and to have the sample retested, appellant never questioned the lab results. As this court concluded in *Roberts I*, appellant simply failed to exercise any diligence. *See Roberts I*, 856 N.W.2d at 291.

The newly discovered-evidence exception also requires the defendant to establish by clear and convincing evidence that he is innocent of the charges. Minn. Stat. § 590.01, subd. 4(b)(2). "[T]o prove a claim by clear and convincing evidence, a party's evidence should be unequivocal, intrinsically probable and credible, and free from frailties." *Riley*, 819 N.W.2d at 170 (quotation omitted).

Here, as in *Roberts I*, appellant's new evidence consists of "deficiencies at the SPPDCL." But also like *Roberts I*, appellant failed to offer any evidence regarding the chemical composition of the particular substance he was convicted of selling. *See* 856 N.W.2d at 291. Instead, he simply claims that the evidence "would probably result in an acquittal or more favorable result at trial" because "[w]ithout the completely unreliable results from the SPPDCL, the state cannot prove its case against appellant." Appellant's speculative claim regarding whether the state could prove its case is not a demonstration by clear and convincing evidence that appellant is innocent of the charges.

Appellant has failed to meet his burden to establish that the new evidence pertaining to the SPPDCL could not have been discovered with due diligence or that the new evidence clearly and convincingly establishes his innocence. Therefore, the postconviction court did not err by concluding that the newly discovered evidence exception is not applicable.

6

## II.     Interests of justice

Appellant next contends that the interests-of-justice exception to the time bar applies to his case.  Under this exception, a court may hear an untimely petition for postconviction relief if "the petitioner establishes to the satisfaction of the court that the petition is not frivolous and is in the interests of justice."  Minn. Stat. § 590.01, subd. 4(b)(5).  To consider a petition in the interests of justice, "the defendant must not have deliberately and inexcusably failed to raise the issue on direct appeal."  *Gassler v. State*, 787 N.W. 575, 586 (Minn. 2010).  The interests-of-justice exception is reserved for exceptional cases.  *Id.*

In *Roberts I*, this court also concluded that the interests-of-justice exception did not apply, stating that appellant was "at fault for this failure to discover the problems at the crime lab before he pleaded guilty."  856 N.W.2d at 293.  The court also determined that it "is not fundamentally unfair to hold appellant accountable for his choice to accept the state's scientific evidence at face value and resolve his case with a guilty plea in exchange for a reduced sentence."  *Id.*  Finally, the court stated that although "[i]n hindsight," appellant "may regret his decision to plead guilty," that "is not a just reason to allow [appellant] to pursue an untimely request for plea withdrawal."  *Id.*

Here, like *Roberts I*, the record shows that the lab results played no part in appellant's decision to plead guilty.  Instead, appellant admittedly decided to plead guilty to the offense "because [he is] guilty," and to take advantage of a favorable plea agreement.  Moreover, as addressed above, appellant bore the duty to discover the problems at the SPPDCL.  And it is not fundamentally unfair to hold appellant

7

accountable for his decision to accept the state's scientific evidence against him and resolve his case with a guilty plea in exchange for a reduced sentence even though, in retrospect, the information regarding the SPPDCL could have influenced appellant's decision. Finally, as this court recognized in *Roberts I*, the post-plea discovery of the problems at the SPPDCL does not stem from a flaw in the judicial process. Rather it stems from appellant's decision to waive his right to challenge the state's evidence against him. *See* 856 N.W.2d at 293. This court in *Roberts I* rejected identical arguments raised by appellant herein, and appellant offers no material facts to distinguish this case from *Roberts I*. *See State v. M.L.A.*, 785 N.W.2d 763, 767 (Minn. App. 2010) (stating that court of appeals and district courts are "bound by supreme court precedent and the published opinions of the court of appeals" and must apply precedent to factually similar cases), *review denied* (Minn. Sept. 21, 2010). Therefore, the postconviction court did not err by refusing to consider appellant's untimely petition under the interests-of-justice exception to the statutory time bar to postconviction relief.[3]

### III. Evidentiary hearing

When a petition for postconviction relief is filed, "the court shall promptly set an early hearing on the petition and response thereto, and promptly determine the issues"

---

[3] Appellant also argues at length that the state should follow the lead of Massachusetts and Texas, where "lab scandals" also occurred. In Massachusetts, one lab assistant was indicted on charges of evidence tampering, perjury, obstruction of justice, and false claims of a graduate degree. *See, e.g., Commonwealth v. Scott*, 5 N.E.3d 530, 337 (S. Ct. 2014). In Texas, one lab technician used results from one case as evidence in other cases and fraudulently misrepresented results. *Ex Parte Coty*, 418 S.W.3d 597, 598-99 (Tex. Crim. App. 2014). The SPPDCL investigation does not allege similar intentional conduct, but rather sloppy procedures. As a result, the "lab scandal" in Minnesota is distinguishable from the "lab scandals" that occurred in Massachusetts and Texas.

"[u]nless the petition and the files and records of the proceeding conclusively show that the petitioner is entitled to no relief." Minn. Stat. § 590.04, subd. 1 (2014); *see Erickson v. State*, 842 N.W.2d 314, 318 (Minn. 2014). The threshold standard for an evidentiary hearing is lower than that for a new trial; "[a]ny doubts about whether to conduct an evidentiary hearing should be resolved in favor of the defendant seeking relief." *State v. Nicks*, 831 N.W.2d 493, 504 (Minn. 2013). We review the district court's decision on whether to hold an evidentiary hearing for an abuse of discretion. *Riley*, 819 N.W.2d at 167.

Appellant never challenged the lab results or claimed that the substance he sold was not cocaine. Instead, he pleaded guilty to the charged offense, admitting that the substance he sold was cocaine. Appellant has also failed to make any connection between the problems at the SPPDCL in 2012 and the testing of the evidence in his case from 2008. Accordingly, appellant cannot demonstrate that the postconviction court abused its discretion by denying appellant's request for an evidentiary hearing.

**Affirmed.**