**Reginald Lee GAIL, Appellant,**

v.

**STATE of Minnesota, Respondent.**

A16-1124

Supreme Court of Minnesota.

Filed: December 28, 2016

Reginald Lee Gail, Bayport, Minnesota, pro se.

Lori Swanson, Attorney General, Saint Paul, Minnesota; and Michael O. Freeman, Hennepin County Attorney, Linda K. Jenny, Assistant County Attorney, Minneapolis, Minnesota, for respondent.

---

1. The facts underlying Gail's crime are set forth in detail in *State v. Gail (Gail I)*, 713

## OPINION

STRAS, Justice.

This case involves an appeal from a postconviction court's summary denial of Reginald Lee Gail's second petition for postconviction relief. Because Minn. Stat. § 590.04, subd. 3 (2016), bars Gail's claims, we affirm the postconviction court's decision.

### I.

In 2004, Gail shot and killed Yvain Braziel during a drug deal.[1] Following a trial, a jury found Gail guilty of first-degree murder while committing a felony involving the unlawful sale of a controlled substance, and the district court sentenced him to life imprisonment with the possibility of release after serving a minimum of 30 years in prison. *Gail I*, 713 N.W.2d at 857; Minn. Stat. § 609.185(a)(3) (2016); *see* Minn. Stat. § 244.05, subds. 4-5 (2004).

On direct appeal, Gail raised seven issues, including a claim that the evidence was insufficient to support his conviction because he did not actually sell any drugs. In affirming Gail's conviction, we concluded in relevant part that "[t]he evidence provide[d] ample support for the conclusion that ... the shooting happened as part of a drug deal." *Gail I*, 713 N.W.2d at 862. In particular, we relied on evidence that Braziel had arranged to purchase $250 worth of cocaine from Gail, Gail had told Braziel the price of the cocaine over the telephone, and Braziel had argued with Gail during the transaction over the quantity of cocaine provided. *Id.* at 862–63.

N.W.2d 851 (Minn. 2006).

Gail filed his first petition for postconviction relief in 2006. He raised 13 claims, including an argument that the evidence was insufficient to support his conviction. *Gail v. State (Gail II)*, 732 N.W.2d 243, 245–46 (Minn. 2007). The postconviction court denied the petition without holding an evidentiary hearing. *Id.* at 245. With respect to Gail's sufficiency-of-the-evidence claim, the court applied the procedural bar from *State v. Knaffla*, based on its finding that the claim was "identical or substantially similar to the claim[ ] Gail pursued on direct appeal." *Gail II*, 732 N.W.2d at 246 (citing *State v. Knaffla*, 309 Minn. 246, 252, 243 N.W.2d 737, 741 (1976) ("[W]here direct appeal has once been taken, all matters raised therein, and all claims known but not raised, will not be considered upon a subsequent petition for postconviction relief.")). On appeal, we also concluded that the *Knaffla* rule barred Gail's sufficiency-of-the-evidence claim. *Id.* at 247.

On February 4, 2016, Gail filed his second petition for postconviction relief, which was accompanied by a request for an evidentiary hearing. In it, he again argued that there was insufficient evidence to support his conviction. He also alleged that his petition was not frivolous and should be considered in the interests of justice. In his brief, Gail divides his claim into three components: (1) the evidence established only that Gail was purchasing controlled substances, not selling them; (2) the applicable murder statute is unambiguous and required the State to prove that he unlawfully sold a controlled substance; and (3) even if the murder statute is ambiguous, any ambiguity must be resolved in his favor under the rule of lenity.

The postconviction court summarily denied Gail's petition on three independent grounds: (1) the postconviction statute's 2-year statute of limitations, *see* Minn. Stat.

§ 590.01, subd. 4(a)-(b) (2016); (2) the *Knaffla* rule; and (3) Minn. Stat. § 590.04, subd. 3 (2016). Gail challenges the postconviction court's rulings. He has also added a new element to his sufficiency-of-the-evidence claim: he now claims that the postconviction court violated his jury-trial right when it allegedly delegated the fact-finding function to this court rather than the jury.

## II.

We review the denial of a petition for postconviction relief under an abuse-of-discretion standard. *Erickson v. State*, 842 N.W.2d 314, 318 (Minn. 2014). "In doing so, we review findings of fact for clear error and questions of law de novo." *Id.* (citing *State v. Hokanson*, 821 N.W.2d 340, 357 (Minn. 2012)). A postconviction court abuses its discretion only when it has "exercised its discretion in an arbitrary or capricious manner, based its ruling on an erroneous view of the law, or made clearly erroneous factual findings." *Rhodes v. State*, 875 N.W.2d 779, 786 (Minn. 2016) (quoting *Brown v. State*, 863 N.W.2d 781, 786 (Minn. 2015)). A postconviction court may summarily deny relief when a petition is untimely filed or is procedurally barred. *Wayne v. State*, 866 N.W.2d 917, 919 (Minn. 2015).

The claim that Gail raised in his petition, and that is the primary focus of his appeal, is that the State presented insufficient evidence of an unlawful sale of a controlled substance, which is the disputed element of the predicate felony offense underlying his murder conviction. Gail's argument proceeds as follows. The State was required to prove that Gail "cause[d] the death of a human being with intent to effect the death of the person or another, while committing or attempting to commit ... any felony violation of chapter 152 *involving the unlawful sale of a controlled substance.*" Minn. Stat. § 609.185(a)(3)

(emphasis added). Gail argues that this statute unambiguously required him to be *selling*, rather than *buying*, a controlled substance. In the alternative, Gail argues that the word "involving" could be ambiguous, but that the Legislature clearly meant to target sellers of narcotics, not buyers, and in any event, the rule of lenity requires that any ambiguity be resolved in his favor. According to Gail, this element of his offense was not proven at his trial because the State did not establish that he was selling, rather than buying, a controlled substance.

The postconviction court denied relief to Gail on three separate grounds, including by relying on Minn. Stat. § 590.04, subd. 3, which states that the court "may summarily deny a petition when the issues raised in it have previously been decided by the Court of Appeals or the Supreme Court in the same case." The State also raised this statutory provision in its response to Gail's petition, as well as in its appellate brief to this court. This provision fully resolves the case.

There is no question that Gail raised his sufficiency-of-the-evidence claim on direct appeal. *Gail I*, 713 N.W.2d at 862. In fact, in affirming his conviction, we explicitly held that the evidence was sufficient to uphold his conviction of first-degree murder while committing or attempting to commit the unlawful sale of a controlled substance. *Id.* at 863. Gail raised this same claim again in his first postconviction petition. We again affirmed and concluded that the claim was procedurally barred because we had already rejected it on direct appeal. *Gail II*, 732 N.W.2d at 246–47. To use the words of the postconviction

statute, Gail's claim was "decided by . . . the Supreme Court in the same case." Minn. Stat. § 590.04, subd. 3. Gail has now raised the exact same claim for a third time in his second postconviction petition. The postconviction court emphasized this fact when it discussed our decisions in *Gail I* and *Gail II*, both of which addressed the sufficiency of the evidence. Under these circumstances, when a petitioner has successively raised the same claim, a postconviction court does not abuse its discretion when it summarily denies relief under Minn. Stat. § 590.04, subd. 3. *See Roby v. State*, 531 N.W.2d 482, 484 (Minn. 1995) ("Pursuant to [Minn. Stat. § 590.04, subd. 3], we have consistently held that a claim raised on direct appeal will not be considered upon a subsequent petition for postconviction relief." (citing *Case v. State*, 364 N.W.2d 797, 799 (Minn. 1985))); *see also Buckingham v. State*, 799 N.W.2d 229, 232 n.1 (Minn. 2011) (noting that Minn. Stat. § 590.04, subd. 3, provided an independent basis for rejecting postconviction claims that were decided on direct appeal).[2]

This statute also addresses Gail's other claim, which is that the postconviction court abused its discretion by placing the fact-finding duty on this court rather than on the jury. According to Gail, the postconviction court improperly delegated the jury's fact-finding function to us when it cited our decision in *Gail I*, which rejected his sufficiency-of-the-evidence claim. Gail argues that, by relying on *Gail I*, the postconviction court made this court the trier of fact in his case, which violated his constitutional right to a jury trial. We disagree.

---

**2.** We need not consider whether the exceptions to the *Knaffla* rule apply under section 590.04, subdivision 3, because we have previously held that the *Knaffla* exceptions do not apply to any claims that *actually* have been raised and decided on direct appeal. *See Brocks v. State*, 753 N.W.2d 672, 675 (Minn. 2008) ("[T]he *Knaffla* exceptions apply only to claims that a defendant failed to raise on direct appeal.").

Gail's argument is perhaps a roundabout way of asserting that we were wrong in *Gail I*. Indeed, Gail essentially makes this precise point in his reply brief. Yet preventing serial relitigation of the same claims is the whole point of section 590.04, subdivision 3. And to the extent that Gail's claim is instead an allegation of error by the postconviction court, section 590.04, subdivision 3, still bars the claim. This provision unambiguously gives the postconviction court the authority to summarily deny a petition when it contains issues that a Minnesota appellate court has already decided. Gail's argument is really just an attack on the statute itself, which allows postconviction courts to rely on appellate decisions when faced with previously decided claims. Accordingly, the postconviction court did not abuse its discretion when it relied on *Gail I* to summarily deny Gail's petition, because the statute specifically allowed the court to do exactly what it did.

## III.

For the foregoing reasons, we conclude that the postconviction court did not abuse its discretion when it denied Gail's postconviction petition without holding an evidentiary hearing.

Affirmed.