Justin Lamont BUCKINGHAM,
Appellant,

v.

STATE of Minnesota, Respondent.

No. A10–2240.

Supreme Court of Minnesota.

July 6, 2011.

Justin Lamont Buckingham, Stillwater, MN, pro se.

Lori Swanson, Attorney General, St. Paul, MN; and Michael O. Freeman, Hennepin County Attorney, Michael Richardson, Assistant County Attorney, Minneapolis, MN, for respondent.

## OPINION

STRAS, Justice.

Appellant Justin Lamont Buckingham appeals the postconviction court's denial of his petition for postconviction relief. Because we conclude that Buckingham's claims are procedurally barred under *State v. Knaffla*, 309 Minn. 246, 243 N.W.2d 737 (1976), we affirm.

### I.

Our opinion in Buckingham's direct appeal discusses more fully the facts underlying Buckingham's convictions on various counts of murder. *See State v. Buckingham*, 772 N.W.2d 64, 66–69 (Minn.2009). We nonetheless briefly recite the facts for the purpose of addressing Buckingham's claims for postconviction relief.

On February 11, 2007, Buckingham and an acquaintance, Larry Hatcher, threatened the victim, Ricardo Walker, during an argument outside of Gabby's Bar in northeast Minneapolis. *Id.* at 66–67. After the argument, Walker left in a minivan with two other people. *Id.* at 67. When Walker stopped at an intersection, Hatcher and Buckingham pulled up alongside Walker's minivan in a white SUV. *Id.* Someone inside the SUV fired five or six shots at the minivan, striking Walker in the head with one of the shots. *Id.* When police officers later rendered emergency assistance, Walker made a dying declaration that connected Hatcher and Buckingham to the shooting. *Id.* at 67–68.

A jury found Buckingham guilty, and the district court convicted and sentenced him, as an accomplice of first-degree premeditated murder, two counts of attempted first-degree premeditated murder, and three counts of attempted first-degree drive-by-shooting murder. *Id.* at 69. On the conviction for first-degree premeditated murder, the district court sentenced Buckingham to life imprisonment without the possibility of parole. *Id.*

On direct appeal, Buckingham argued: (1) his statements to police should have been suppressed because they were taken in violation of *State v. Scales*, 518 N.W.2d 587, 592 (Minn.1994), and without the knowledge and consent of his attorney; (2) the State presented insufficient evidence to support his convictions for first-degree premeditated murder and attempted first-degree murder; (3) due to a mathematical error, his concurrent sentences for attempted first-degree drive-by-shooting murder exceeded the statutory maximum; and (4) the State committed prosecutorial misconduct. *Buckingham*, 772 N.W.2d at 69–73. We affirmed Buckingham's convictions but modified his sentence. *Id.* at 72–73.

Buckingham subsequently filed a petition for postconviction relief, asserting that the district court admitted his statements to police in violation of his constitutional rights, his court-ordered psychological evaluation was incomplete, the district court gave the jury an erroneous accomplice liability instruction, and his trial counsel was ineffective. The postconviction court denied Buckingham's petition for relief without a hearing, rejecting Buckingham's claims on the merits and further holding that most of Buckingham's claims were procedurally barred under *State v. Knaffla*, 309 Minn. 246, 252, 243 N.W.2d 737, 741 (1976). Buckingham appeals the postconviction court's denial of his petition for postconviction relief.

## II.

■ We review the denial of postconviction relief for an abuse of discretion. *Reed v. State*, 793 N.W.2d 725, 729 (Minn.2010). Buckingham argues on appeal that he is entitled to relief on the four claims raised in his petition for postconviction relief: (1) the district court improperly admitted at trial his statements to police in violation of his constitutional rights; (2) the district court relied on an incomplete psychological evaluation in determining that he was competent to stand trial; (3) the district court committed reversible error in its instruction to the jury on accomplice liability; and (4) his trial counsel was ineffective. We conclude that each of Buckingham's claims is procedurally barred under *Knaffla*, 309 Minn. at 252, 243 N.W.2d at 741.

■ The *Knaffla* rule provides that when a petition for postconviction relief follows a direct appeal of a conviction, all claims raised in the direct appeal and all claims of which the defendant knew or should have known at the time of the direct appeal are procedurally barred. *White v. State*, 711 N.W.2d 106, 109 (Minn. 2006) (citing *Knaffla*, 309 Minn. at 252, 243 N.W.2d at 741); *see also* Minn.Stat. § 590.01 subd. 1(2) (2010) ("A petition for postconviction relief after a direct appeal has been completed may not be based on grounds that could have been raised on direct appeal of the conviction or sentence."). A claim is not *Knaffla*-barred, however, if (1) the defendant presents a novel legal issue or (2) the interests of justice require the court to consider the claim. *See Wright v. State*, 765 N.W.2d 85, 90 (Minn.2009). To be reviewed in the interests of justice, a claim must have merit and be "asserted without deliberate or inexcusable delay." *Id.* (citations omitted).

## A.

■ Buckingham's first claim for postconviction relief is that the district court improperly admitted testimony at trial regarding statements Buckingham made to police because: (1) his statements were not recorded as required by *Scales;* (2) the police knew he was represented by counsel, but nonetheless interrogated him in violation of the Sixth Amendment; (3) his statements were involuntary due to the absence of counsel; (4) investigators violated Buckingham's *Miranda* rights by continuing to interrogate him after he invoked his right to counsel. The postconviction court held that "[Buckingham]'s argument[s] relating to his custodial interview are procedurally barred." We agree.

Buckingham's first two allegations of error are undoubtedly *Knaffla*-barred because we expressly considered and rejected identical arguments in Buckingham's direct appeal. *Buckingham,* 772 N.W.2d at 69–71 (holding that "Buckingham's failure to raise any factual disputes regarding the substance of the unrecorded statement at the omnibus hearing is fatal to his claimed *Scales* violation" and "no improper contact occurred" between the police and Buckingham). We also briefly addressed and implicitly rejected Buckingham's third contention that his statements were involuntary due to the absence of counsel. *See Buckingham,* 772 N.W.2d at 70 ("Buckingham eventually expressed his willingness to speak without his attorney present.").[1]

Buckingham's argument asserting a violation of his *Miranda* rights is also *Knaffla*-barred because it is premised upon the custodial nature of his interrogation and his purported invocation of his right to counsel, both of which are facts that were known or should have been known to him at the time of his direct appeal. Indeed, Buckingham's *Miranda* argument bears a close relationship to the claim he asserted on direct appeal—that the police interrogated him in violation of his Sixth Amendment right to counsel. Accordingly, Buckingham's claims about the admission of testimony regarding his statements to police are *Knaffla*-barred.

## B.

■ Buckingham's second claim for postconviction relief alleges that the district court relied on an incomplete psychological evaluation in determining whether Buckingham was competent to stand trial. However, the district court ordered that Hennepin County Psychological Services complete Buckingham's psychological evaluation in question by February 2008—long before Buckingham's direct appeal. Furthermore, Buckingham does not allege the existence of any facts outside the trial record that would require an evidentiary hearing. Therefore, Buckingham's claim for postconviction relief on this basis is *Knaffla*-barred because Buckingham knew or should have known about any defects in the psychological evaluation at the time of his direct appeal.

## C.

■ Buckingham's third claim for postconviction relief is that the district court erred in its instruction to the jury on accomplice liability. Buckingham contends that the instruction created a presumption that he intended to aid another in the commission of the crimes for which he was convicted, relieving the State of its burden to establish every element of each crime

---

1. To the extent we decided these claims on direct appeal, the postconviction relief statute provides an independent basis for their rejection. *See* Minn.Stat. § 590.04, subd. 3 (2010) ("The court . . . may summarily deny a petition when the issues raised in it have previously been decided by the Court of Appeals or the Supreme Court in the same case.").

charged beyond a reasonable doubt. Buckingham's claim of instructional error is *Knaffla*-barred because, as the postconviction court explained, Buckingham "fail[ed] to explain why this argument was not available on direct appeal. [Buckingham] was aware of the jury instructions at the time of his direct appeal, and he makes no claim as to why his failure to raise this argument should be excused."

D.

■ Buckingham's fourth claim for postconviction relief is that he received ineffective assistance of trial counsel because: (1) counsel relied on state rather than federal law in arguing Buckingham's custodial statements to police were inadmissible; (2) counsel was not present during Buckingham's interrogation with police; and (3) due to counsel's absence at the interview, Buckingham was not informed that unrecorded statements to police could be used against him at trial. The postconviction court summarily dismissed Buckingham's arguments, finding that Buckingham could not "now claim ineffective assistance of counsel when he voluntarily and intelligently waived his right to counsel at the interview."

■ Unlike claims of ineffective assistance of *appellate* counsel, ineffective assistance of *trial* counsel claims are barred under *Knaffla* on postconviction review if "the claim is based solely on the trial record and the claim was known or should have been known on direct appeal." *Reed*, 793 N.W.2d at 732. Generally, postconviction proceedings are an appropriate forum in which to develop claims of ineffective assistance of trial counsel because a postconviction court may grant an evidentiary hearing. *See, e.g., Barnes v. State*, 768 N.W.2d 359, 365 (Minn.2009) (stating that postconviction evidentiary proceedings allow appellants "to develop the evi-

dence necessary to allow our court to review [an ineffective-assistance-of-trial-counsel] claim during the direct appeal").

Here, however, Buckingham bases his claim of ineffective assistance of counsel entirely on the trial record available to the postconviction court. Buckingham has not alleged facts in his postconviction petition that would require an evidentiary hearing to supplement the trial record. Because the trial record provides the basis for his ineffective-assistance-of-trial-counsel claim, Buckingham either knew or should have known about this claim at the time of his direct appeal. Accordingly, Buckingham's fourth claim for postconviction relief is also barred by *Knaffla*.

III.

Finally, Buckingham asserts that the postconviction court abused its discretion when it denied his request for an evidentiary hearing on his claims for postconviction relief. *See Dobbins v. State*, 788 N.W.2d 719, 727 (Minn.2010) (reviewing the denial of a postconviction evidentiary hearing for an abuse of discretion). A postconviction court must hold an evidentiary hearing on a petitioner's claims and make findings of fact and conclusions of law "[u]nless the petition and the files and records of the proceeding conclusively show that the petitioner is entitled to no relief." Minn.Stat. § 590.04, subd. 1 (2010).

In this case, Buckingham's petition for postconviction relief did not allege any disputed facts that required an evidentiary hearing. Furthermore, Buckingham's petition, files, and the record before the postconviction court conclusively show that Buckingham is not entitled to relief because his claims are *Knaffla*-barred. Accordingly, the postconviction court did not abuse its discretion when it denied Buck-

ingham's request for an evidentiary hearing.

### IV.

For the foregoing reasons, we conclude that the postconviction court did not abuse its discretion when it held that Buckingham's claims are barred under the rule of *State v. Knaffla,* 309 Minn. 246, 252, 243 N.W.2d 737, 741 (1976). Moreover, the district court did not abuse its discretion when it denied Buckingham an evidentiary hearing because the petition, files, and records of the proceeding conclusively showed that Buckingham was not entitled to postconviction relief.

Affirmed.