*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A15-0726**

John Mark Hentges, petitioner,
Appellant,

vs.

State of Minnesota,
Respondent.

**Filed November 30, 2015
Reversed and remanded
Smith, Judge**

LeSueur County District Court
File No. 40-CR-09-786

Cathryn Middlebrook, Chief Appellate Public Defender, St. Paul, Mark D. Nyvold, Special Assistant Public Defender, Fridley, Minnesota (for appellant)

Lori Swanson, Attorney General, St. Paul, Minnesota; and

Brent Christian, LeSueur County Attorney, Le Center, Michelle M. Zehnder Fischer, Special Assistant County Attorney, St. Peter, Minnesota (for respondent)

        Considered and decided by Connolly, Presiding Judge; Smith, Judge; and Minge, Judge.[*]

---

[*] Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI, § 10.

UNPUBLISHED OPINION

**SMITH**, Judge

We reverse and remand the summary denial of appellant's postconviction petition because the postconviction court abused its discretion when it determined that appellant's claims were *Knaffla*-barred by virtue of his previous direct appeal being dismissed under the fugitive-dismissal rule.

## FACTS

In March 2011, a jury found appellant John Hentges guilty of nonsupport of child. Hentges failed to appear at his sentencing hearing, so the district court issued a warrant for his arrest. Hentges was later arrested on the warrant, and the district court then scheduled a second sentencing hearing. Even though Hentges was in jail at the time, he refused to attend the hearing. The district court then scheduled a third sentencing hearing, but Hentges again refused to attend. Without Hentges's attendance, the district court imposed a stayed sentence of one year and one day and placed Hentges on probation for five years.

In April 2012, Hentges's probation officer filed a probation-violation report, and based on that report, the district court issued another warrant for Hentges's arrest. Two weeks later, Hentges appealed his conviction. Subsequently, Hentges's probation officer filed a supplemental probation-violation report, alleging at least two more probation violations. The district court held a hearing for the violations, but Hentges again failed to appear. The district court then issued another warrant for Hentges's arrest, which remained active while his appeal was pending.

2

In January 2013, we denied the state's motion to dismiss Hentges's appeal under the fugitive-dismissal rule because the doctrine had not been adopted in Minnesota. The state petitioned the Minnesota Supreme Court for further review, and the supreme court granted review. In April 2014, the supreme court issued its opinion in *State v. Hentges*, in which it adopted the fugitive-dismissal rule and ordered this court to dismiss Hentges's direct appeal if he did not surrender to law enforcement within ten days. 844 N.W.2d 500, 506, 508 (Minn. 2014). Although Hentges eventually turned himself in, he missed the mandated deadline, and we dismissed Hentges's appeal.

Hentges then petitioned for postconviction relief. Later, Hentges's sentence on his original conviction was vacated because of his absence at the sentencing hearing. Consequently, the postconviction court found Hentges's postconviction petition moot and dismissed the petition. The district court then resentenced Hentges and discharged him from probation.

On November 14, 2014, Hentges filed another petition for postconviction relief. The postconviction court denied Hentges's petition, finding that Hentges's petition was barred because he had already directly appealed the same issues in the appeal dismissed under the fugitive-dismissal rule.

## DECISION

We review a summary denial of a petition for postconviction relief for an abuse of discretion. *Riley v. State*, 819 N.W.2d 162, 167 (Minn. 2012). "A postconviction court abuses its discretion when its decision is based on an erroneous view of the law or is against logic and the facts in the record." *Id.* (quotation omitted).

3

The main thrust of Hentges's argument is that his claims are not barred under *State v. Knaffla*, 309 Minn. 246, 243 N.W.2d 737 (1976), because his appeal was dismissed and not decided on the merits. We agree. "The *Knaffla* rule provides that when a petition for postconviction relief follows a direct appeal of a conviction, all claims raised in the direct appeal and all claims of which the defendant knew or should have known at the time of the direct appeal are procedurally barred." *Buckingham v. State*, 799 N.W.2d 229, 231 (Minn. 2011).

Hentges correctly notes that *Knaffla*-barred cases invariably involve an appeal that has been fully considered and decided. *See id.* at 232-33 (determining that petitioner's claims were *Knaffla*-barred where the direct appeal had proceeded to conclusion and the petitioner raised issues in his postconviction petition that were raised or should have been raised on direct appeal); *White v. State*, 711 N.W.2d 106, 109 (Minn. 2006) (same); *Hanley v. State*, 534 N.W.2d 277, 279 (Minn. 1995) (same); *see also Carney v. State*, 692 N.W.2d 888, 891 (Minn. 2005) (stating the rule as "[w]hen a direct appeal has been taken *and litigated* . . . , all matters raised during that appeal . . . will not be considered upon a subsequent petition for postconviction relief" (emphasis added)). And Hentges correctly notes that our supreme court has declined to hold that postconviction claims are *Knaffla*-barred where the postconviction petitioner previously filed a direct appeal but then later stipulated to its dismissal. *See Rairdon v. State*, 557 N.W.2d 318, 322 (Minn. 1996).

Under our caselaw, we are strained to see how Hentges's postconviction claims are *Knaffla*-barred. Hentges's direct appeal was not "taken *and litigated*" because we dismissed that appeal before issuing a decision on the merits. *See Carney*, 692 N.W.2d at

4

891 (emphasis added). Moreover, given that our supreme court has previously held that a stipulated dismissal will not give rise to a subsequent *Knaffla*-bar, we cannot conclude that the dismissal of Hentges's appeal under the fugitive-dismissal rule should lead to a different result. *See Rairdon*, 557 N.W.2d at 322.

Hentges also argues that the Minnesota Supreme Court's opinion in *Hentges* does not provide a basis for finding his postconviction claims *Knaffla*-barred. We agree. Our supreme court's decision was limited to "adopt[ing] the fugitive-dismissal rule and hold[ing] that appellate courts have the discretion to dismiss an appeal brought by a fugitive." *Hentges*, 844 N.W.2d at 506. Nothing in that language suggests that such a dismissal leads to a postconviction petitioner's claims being *Knaffla*-barred. Nor do the rationales supporting our supreme court's adoption of the fugitive-dismissal rule support the postconviction court's decision. In adopting the fugitive-dismissal rule, the supreme court cited favorably the rationales of unenforceability and waiver because "unenforceability and waiver or abandonment . . . are consistent with general principles of law that we have applied elsewhere." *Id.* at 506.

After Hentges submitted to law enforcement, the connection between his fugitive status and the rationales supporting the dismissal of his appeal dissipated. No longer could a court be concerned about unenforceability because Hentges was no longer at large. *See id.* at 505 ("The first rationale, unenforceability, rests on a concern that, if an appellate court rules against a fugitive, the court's judgment will be unenforceable for as long as the fugitive is at large."). In fact, this rationale "favors reinstating the appeals of former fugitives . . . ." *Id.* The waiver rationale is similarly unavailing. The essence of

5

the waiver rationale is that a defendant, via the choice to be a fugitive, "waived or abandoned through his or her conduct the right to invoke the authority of the court." *Id.* at 506. But, as with the unenforceability rationale, the connection to the waiver rationale waned when Hentges submitted to law enforcement before filing his postconviction petition. *See Ortega-Rodriguez v. United States*, 507 U.S. 234, 246-47, 113 S. Ct. 1199, 1207 (1993) (noting a lack of connection between the waiver rationale and the fugitive-dismissal rule where the appeal was filed *after* the fugitive was returned to custody).

We conclude that the postconviction court abused its discretion in finding Hentges's postconviction claims *Knaffla*-barred. Although we agree with the postconviction court that Hentges is seeking "yet another bite at the apple," Minnesota precedent compels us to conclude that, in the absence of a direct appeal on the merits, Hentges's claims are not *Knaffla*-barred. We therefore reverse and remand.

**Reversed and remanded.**