*This opinion will be unpublished and
may not be cited except as provided by
Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A15-1222**

Jacquet Deon Munn, petitioner,
Appellant,

vs.

State of Minnesota,
Respondent.

**Filed April 11, 2016
Affirmed
Larkin, Judge**

Hennepin County District Court
File No. 27-CR-10-16612

Jacquet Deon Munn, Bayport, Minnesota (pro se appellant)

Lori Swanson, Attorney General, St. Paul, Minnesota; and

Michael O. Freeman, Hennepin County Attorney, Michael Richardson, Assistant County
Attorney, Minneapolis, Minnesota (for respondent)

Considered and decided by Hooten, Presiding Judge; Larkin, Judge; and Rodenberg,

Judge.

**U N P U B L I S H E D   O P I N I O N**

**LARKIN**, Judge

Appellant challenges the postconviction court's summary denial of his petition for

relief. We affirm.

**FACTS**

In April 2010, respondent State of Minnesota charged appellant Jacquet Deon Munn with criminal sexual conduct in the first and third degrees, prohibited possession of a firearm, and second-degree assault. Munn pleaded guilty to prohibited possession of a firearm and third-degree criminal sexual conduct. The parties agreed to a 240-month sentence, comprised of 60 months for the prohibited-possession offense and 180 months, consecutive, for the criminal-sexual-conduct offense. The portion of the sentence based on the criminal-sexual-conduct offense was based on a criminal-history score of six. The district court sentenced Munn to the agreed upon 240-month sentence.

Munn appealed his sentence, arguing that "(1) the district court erred by failing to use a zero criminal-history score when calculating the duration of the second of two permissive-consecutive sentences or to state any reason supporting a departure from the sentencing guidelines, and (2) [that] he should be permitted to withdraw his pleas." *State v. Munn*, No. A11-852, 2012 WL 2077264, at *1 (Minn. App. June 11, 2012) (*Munn I*). This court reversed Munn's sentence and remanded for resentencing, because the district court did not use a zero criminal-history score when sentencing the criminal-sexual-conduct offense consecutively, as required under the sentencing guidelines, and did not give a reason for the resulting departure. *Id.* at *2-3. This court did not consider Munn's request for plea withdrawal. *Id.* at *2.

On remand in March 2013, the district court denied Munn's motion to withdraw his guilty pleas and imposed a 180-month sentence, comprised of 60 months for the prohibited-possession offense and 180 months, concurrent, for the criminal-sexual-conduct offense.

Munn appealed the sentence, arguing that the district court should have allowed him to withdraw his guilty pleas and that the district court's imposition of concurrent sentences exceeded the scope of the remand. *State v. Munn*, No. A13-1067, 2014 WL 1516480, at *1, *3-5 (Minn. App. Apr. 21, 2014) (*Munn II*), *review denied* (Minn. July 15, 2014). This court affirmed the sentence, holding that the 180-month concurrent sentence was not manifestly unjust such that Munn was entitled to withdraw his guilty pleas and reasoning that the district court followed the remand instructions, sentenced according to the sentencing guidelines, imposed a sentence that was not more severe than the original sentence, and therefore did not abuse its discretion. *Id.* at *3-5.

In January 2015, Munn petitioned for postconviction relief, arguing that on remand, the district court improperly injected itself into plea negotiations, improperly modified his sentence, and violated the double-jeopardy prohibition. Munn asked the postconviction court to allow him to withdraw his guilty pleas or to resentence him to 108 months, 60 months for the prohibited-possession offense and 48 months consecutively for the criminal-sexual-conduct offense, based on a zero criminal-history score. Munn later amended his petition, claiming that he was entitled to withdraw his guilty pleas on due-process grounds.

The postconviction court denied Munn's request for relief without a hearing, reasoning that Munn's claims are barred under *State v. Knaffla* because "(1) all of the issues were raised or could have been raised in his direct appeal and (2) Munn has not established

3

that this case falls within either exception to the rule."[1]  The postconviction court also rejected Munn's claims on the merits.

Munn appeals.

## D E C I S I O N

A district court must hold a hearing on a petition for postconviction relief "[u]nless the petition and the files and records of the proceeding conclusively show that the petitioner is entitled to no relief."  Minn. Stat. § 590.04, subd. 1 (2014).  We review summary denial of a petition for postconviction relief for an abuse of discretion.  *Riley v. State*, 819 N.W.2d 162, 167 (Minn. 2012).  "A postconviction court abuses its discretion when its decision is based on an erroneous view of the law or is against logic and the facts in the record."  *Id.* (quotation omitted).  We review a postconviction court's legal conclusions de novo. *Andersen v. State*, 830 N.W.2d 1, 6 (Minn. 2013).

"The *Knaffla* rule provides that when a petition for postconviction relief follows a direct appeal of a conviction, all claims raised in the direct appeal and all claims of which the defendant knew or should have known at the time of the direct appeal are procedurally barred."  *Buckingham v. State*, 799 N.W.2d 229, 231 (Minn. 2011).  "A claim is not *Knaffla*-barred, however, if (1) the defendant presents a novel legal issue or (2) the interests of justice require the court to consider the claim."  *Id*.  "To be reviewed in the interests of

---

[1] "[W]here direct appeal has once been taken, all matters raised therein, and all claims known but not raised, will not be considered upon a subsequent petition for postconviction relief."  *State v. Knaffla*, 309 Minn. 246, 252, 243 N.W.2d 737, 741 (1976).

4

justice, a claim must have merit and be asserted without deliberate or inexcusable delay." *Id.* (quotation omitted).

In Munn's appeal of the district court's sentence on remand, this court rejected Munn's claims that the district court should have allowed him to withdraw his guilty pleas and that the district court's imposition of concurrent sentences exceeded the scope of the remand. *Munn II*, 2014 WL 1516480, at *3-5. Munn's postconviction claims that the district court improperly injected itself into plea negotiations, improperly modified his sentence, and violated the double-jeopardy prohibition are essentially challenges to his guilty pleas and his sentence on remand. *See State v. Anyanwu*, 681 N.W.2d 411, 415 (Minn. App. 2004) ("Anytime a district court improperly injects itself into plea negotiations the guilty plea is per se invalid."). Munn had an opportunity to assert those claims in his appeal of his post-remand sentence and in fact made similar claims. *See Munn II*, 2014 WL 1516480, at *4-5 (rejecting Munn's argument that the scope of the remand was limited to either plea withdrawal or resentencing the third-degree criminal-sexual-conduct charge consecutively with a zero criminal-history score). Because the claims were either raised on appeal or known but not raised, the postconviction court did not abuse its discretion by ruling that the claims are barred under *Knaffla*. *See Knaffla*, 309 Minn. at 252, 243 N.W.2d at 741.

Munn asserts that "[He] meets both exception[s] to the Knaffla-rule." However, he does not explain, and it is not clear, why his postconviction petition presents a novel legal issue. The issue is therefore waived. *See State v. Wembley*, 712 N.W.2d 783, 795 (Minn. App. 2006) ("An assignment of error in a brief based on mere assertion and not supported

5

by argument or authority is waived unless prejudicial error is obvious on mere inspection.")
(quotation omitted), *aff'd on other grounds*, 728 N.W.2d 243 (Minn. 2007).

As to the interest-of-justice exception, Munn argues that "he asserted substantial constitutional errors that would entitle him to relief, if proven." We are not persuaded. Although Munn's claims are barred under *Knaffla*, the postconviction court nonetheless considered the substance of the claims and concluded that they lack merit. We have also reviewed the substance of the claims, de novo, and similarly conclude that they lack merit. *See Ture v. State*, 681 N.W.2d 9, 20 (Minn. 2004) (rejecting pro se arguments without detailing consideration of each argument). Because Munn's postconviction claims lack merit, the interests-of-justice exception to the *Knaffla* rule does not apply. *See Buckingham*, 799 N.W.2d at 231 (stating that "[t]o be reviewed in the interests of justice, a claim must have merit").

In sum, Munn's postconviction claims are barred under *Knaffla* and the postconviction court did not abuse its discretion by denying his petition for relief without an evidentiary hearing. We therefore affirm.

**Affirmed.**