*This opinion is nonprecedential except as provided by*
*Minn. R. Civ. App. P. 136.01, subd. 1(c).*

**STATE OF MINNESOTA**
**IN COURT OF APPEALS**
**A23-0809**
**A23-1099**

Rashad Ramon Ivy, petitioner,
Appellant,

vs.

State of Minnesota,
Respondent.

**Filed June 10, 2024**
**Affirmed**
**Bjorkman, Judge**

Ramsey County District Court
File No. 62-CR-15-4420

Rashad Ramon Ivy, Bayport, Minnesota (pro se appellant)

Keith Ellison, Attorney General, St. Paul, Minnesota; and

John J. Choi, Ramsey County Attorney, Alexandra Meyer, Assistant County Attorney, St. Paul, Minnesota (for respondent)

Considered and decided by Bjorkman, Presiding Judge; Smith, Tracy M., Judge; and Slieter, Judge.

**NONPRECEDENTIAL OPINION**

**BJORKMAN**, Judge

In this consolidated appeal from ten criminal convictions, appellant argues that the district court (1) erred by rejecting his constitutional challenge to Minn. Stat. § 609.322,

subd. 1a(4) (2014) (the sex-trafficking statute), and (2) abused its discretion by denying his petition for postconviction relief. We affirm.

## FACTS

Following a 2016 jury trial, appellant Rashad Ramon Ivy was convicted of ten offenses, including four counts of engaging in sex trafficking. Our opinion in Ivy's first appeal outlines the facts underlying these convictions. *See State v. Ivy*, 902 N.W.2d 652, 655-658 (Minn. App. 2017) (*Ivy I*), *rev. denied* (Minn. Dec. 19, 2017).

We affirmed Ivy's convictions but have remanded for resentencing three times. *See id.* at 667-68; *State v. Ivy*, No. A18-1338, 2019 WL 2168772, at *2-3 (Minn. App. May 20, 2019) (*Ivy II*), *rev. denied* (Minn. Aug. 6, 2019); *State v. Ivy*, No. A19-1980, 2020 WL 3494345, at *3-4 (Minn. App. June 29, 2020) (*Ivy III*), *rev. denied* (Minn. Oct. 1, 2020).

Following our 2020 remand, Ivy filed a motion to remove the district court judge and a notice challenging the constitutionality of the sex-trafficking statute. He also petitioned for postconviction relief based on: (1) judicial bias, (2) conflict of interest between him and his trial counsel, (3) insufficient evidence, (4) ineffective assistance of trial counsel, and (5) ineffective assistance of appellate counsel. Without addressing the removal motion, the district court judge denied the postconviction petition; Ivy appealed. In an order opinion, we remanded for the district court to decide the removal motion before considering the postconviction petition. *Ivy v. State*, No. A22-0406, 2022 WL 16910967, at *2 (Minn. App. Nov. 3, 2022) (*Ivy IV*).

On remand, the chief judge of the district court reassigned the case to himself. Ivy moved the district court to declare the sex-trafficking statute unconstitutional or to certify

2

the constitutional question for immediate appellate review under Minn. R Civ. App. P. 103.03(i). And he again petitioned for postconviction relief. The district court rejected Ivy's constitutional challenge and denied his postconviction petition.

Ivy appeals.

## DECISION

Criminal defendants have the right to one review of a conviction by either direct appeal or postconviction petition. *State v. Knaffla*, 243 N.W.2d 737, 741 (Minn. 1976). Accordingly, when "a petition for postconviction relief follows a direct appeal of a conviction, all claims raised in the direct appeal and all claims of which the defendant knew or should have known at the time of the direct appeal are procedurally barred." *Buckingham v. State*, 799 N.W.2d 229, 231 (Minn. 2011) (citing *Knaffla*, 243 N.W.2d at 741); *see* Minn. Stat. § 590.01, subd. 1 (2022). But *Knaffla* does not bar a postconviction claim "if (1) the defendant presents a novel legal issue or (2) the interests of justice require the court to consider the claim." *Buckingham*, 799 N.W.2d at 231.

We review the denial of a postconviction petition for an abuse of discretion. *Pearson v. State*, 891 N.W.2d 590, 596 (Minn. 2017). A district court abuses its discretion when it makes clearly erroneous factual determinations or misapplies the law. *Id.* A petitioner is not entitled to an evidentiary hearing when the facts alleged in the petition, "if true, are legally insufficient to entitle him to the requested relief." *Id.* at 597. This means that a court may summarily deny a postconviction petition if the claims it asserts are *Knaffla*-barred. *Id.*

3

**I.** **The district court did not abuse its discretion or otherwise err by rejecting Ivy's constitutional challenge to Minn. Stat. § 609.322, subd. 1a(4), and denying his request to certify the constitutional question.**

The sex-trafficking statute provides that whoever "while acting other than as a prostitute or patron, intentionally . . . engages in the sex trafficking of an individual" is guilty of second-degree sex trafficking. Minn. Stat. § 609.322, subd. 1a(4). Ivy contends that this statute is unconstitutional as applied to him as an African American man, and that he has "suffered actual injury" because he has been "branded" a sex trafficker, experienced depression since his incarceration, and is disconnected from his family. He argues that the district court erred by declining to declare the sex-trafficking statute unconstitutional or to certify the question for immediate appeal. We are not persuaded.

First, we agree with the district court that Ivy's motion—asserted long after his convictions and direct appeal—was not authorized by law. Ivy does not point to a rule or statute that permits a defendant to obtain a legal ruling from a district court after their direct appeal has concluded, and we have found no such authority. Ivy's request for certification of the constitutional issue similarly fails because he was not seeking to "obtain an answer from an appellate court on a question of law that is embedded within *a matter pending in the district court*." *State v. Arends*, 786 N.W.2d 885, 888 (Minn. App. 2010) (emphasis added) (quotation omitted), *rev. denied* (Minn. Oct. 27, 2010). And the question he presented has not been "carefully and precisely framed so as to present distinctly and clearly the question of law involved." *State v. Larivee*, 656 N.W.2d 226, 228 (Minn. 2003) (quotation omitted).

4

Second, even if we construe Ivy's motion as requesting postconviction relief, it fails as a matter of law. Ivy was charged with violating the sex-trafficking statute in June 2015. He could have challenged the constitutionality of the statute at any time while the charges were pending, including in his direct appeal. He did not do so. Because his constitutional claim was reasonably known to him and he failed to raise it, the claim is *Knaffla*-barred.

Finally, Ivy has not overcome the presumption that the sex-trafficking statute is constitutionally sound. *See State v. Johnson*, 813 N.W.2d 1, 4 (Minn. 2012) ("We presume Minnesota statutes are constitutional and will strike down a statute as unconstitutional only if absolutely necessary."). To overcome the presumption, the challenging party must demonstrate "beyond a reasonable doubt" that the statute violates a constitutional provision. *State v. Cox*, 798 N.W.2d 517, 519 (Minn. 2011). Ivy has not done so.

## II. The district court did not abuse its discretion by summarily denying Ivy's postconviction petition.

Ivy's postconviction petition urged the district court to grant relief based on (1) judicial bias, (2) conflict of interest between Ivy and trial counsel, (3) insufficient evidence, (4) ineffective assistance of trial counsel, and (5) ineffective assistance of appellate counsel. He contends the district court abused its discretion by summarily denying the petition. This argument is unavailing.

*Knaffla* bars Ivy's first four postconviction claims. All four claims involve circumstances Ivy was actually or reasonably aware of at the time of his direct appeal. *See Buckingham*, 799 N.W.2d at 231. Indeed, he asserted arguments regarding the sufficiency of the evidence, ineffective assistance of trial counsel, and the trial judge's conduct in the

5

pro se supplemental brief he submitted in his direct appeal. We concluded that all of his pro se arguments lacked merit. *Ivy I*, 902 N.W.2d at 667. And Ivy's appellate counsel challenged the sufficiency of the evidence supporting Ivy's solicitation conviction, which did not persuade us to reverse. *Id.* at 662-63 ("[W]e conclude that the evidence is sufficient to sustain [Ivy's] conviction of soliciting R.C. to engage in prostitution."). In sum, we discern no abuse of discretion by the district court in summarily dismissing Ivy's first four postconviction claims as *Knaffla*-barred.

We also see no abuse of discretion in the district court's summary denial of Ivy's claim that counsel who handled his four prior appeals provided ineffective assistance. To prevail on an ineffective-assistance-of-counsel claim, a defendant must demonstrate that: (1) "counsel's representation fell below an objective standard of reasonableness," and (2) "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Arredondo v. State*, 754 N.W.2d 566, 571 (Minn. 2008) (quoting *Strickland v. Washington*, 466 U.S. 668, 688, 694 (1984)). Under the first *Strickland* prong, appellate counsel's performance is objectively reasonable if they exercise "the customary skills and diligence that a reasonably competent attorney would perform under similar circumstances." *Martin v. State*, 825 N.W.2d 734, 744-45 (Minn. 2013) (quotation omitted). Appellate counsel is not required to raise all possible claims on appeal, and we do not second-guess counsel's decision not to present a claim on appeal that they "could have legitimately concluded would not prevail." *Woodard v. State*, 994 N.W.2d 272, 277 (Minn. 2023) (quotation omitted). And we presume counsel's performance is reasonable. *Martin*, 825 N.W.2d at 745.

Ivy claims his appellate counsel was ineffective because he failed to: (1) argue prosecutorial misconduct, (2) move to stay the direct appeal in order to pursue postconviction relief, (3) argue ineffective assistance of trial counsel, and (4) challenge the constitutionality of the sex-trafficking statute. To the extent these claims relate to appellate counsel's failure to raise issues about trial counsel's performance, they fail for the reasons described above. *See Zumberge v. State*, 937 N.W.2d 406, 413 (Minn. 2019) (stating that where appellate counsel's claimed ineffectiveness is in failing to assert that trial counsel was ineffective, "[i]f a petitioner fails to show that trial counsel was ineffective, then the claim of ineffective assistance of appellate counsel also fails"). And to the extent these claims are based solely on the trial record, they are *Knaffla*-barred. *See Buckingham*, 799 N.W.2d at 233 (stating *Knaffla* bars claims "based solely on the trial record" that were "known or should have been known on direct appeal" (quotation omitted)). Accordingly, Ivy's first three claims are procedurally barred. And even if they were not, all of them challenge appellate counsel's assessment of the strength of Ivy's appellate claims, and exercise of professional judgment as to which claims to pursue on his behalf and how to pursue them. We do not second-guess appellate counsel's strategic decisions on such matters.

Ivy's remaining claim of ineffective assistance of appellate counsel is that his appellate counsel should have challenged the constitutionality of the sex-trafficking statute. As noted above, we do not second-guess an appellate counsel's decision not to pursue claims that they "could have legitimately concluded would not prevail." *Woodard*, 994 N.W.2d at 277. And we presume that the sex-offender statute passes constitutional muster.

7

*Johnson*, 813 N.W.2d at 4. As previously discussed, Ivy has not overcome this presumption, and more to the point, he has not persuaded us that he was prejudiced by appellate counsel's decision not to challenge the statute or that the decision is anything other than a legitimate conclusion that such a challenge would be unsuccessful. We presume that appellate counsel provided effective assistance. *Martin*, 825 N.W.2d at 745. Indeed, appellate counsel made successful arguments in each of his prior appeals that led Ivy to receive a substantially reduced sentence.

In sum, we see no error in the district court's detailed findings and thorough analysis of Ivy's legal arguments and myriad postconviction claims. And we conclude that the district court did not abuse its discretion in rejecting Ivy's constitutional challenge and summarily denying his postconviction petition.

**Affirmed.**