STATE OF MINNESOTA

IN SUPREME COURT

A14-0475

Ramsey County                                                                    Stras, J.

Edbert Neal Williams,

                    Appellant,

vs.                                                             Filed:  September 9, 2015
                                                                Office of Appellate Courts
State of Minnesota,

                    Respondent.

_____


Zachary A. Longsdorf, Longsdorf Law Firm, PLC, Inver Grove Heights, Minnesota, for appellant.

Lori Swanson, Attorney General, Saint Paul, Minnesota; and

John J. Choi, Ramsey County Attorney, Kaarin Long, Assistant Ramsey County Attorney, Saint Paul, Minnesota, for respondent.

_____

S Y L L A B U S

The postconviction court did not abuse its discretion when it denied the petition

for postconviction relief without holding an evidentiary hearing.

Affirmed.

Considered and decided by the court without oral argument.

1

O P I N I O N

STRAS, Justice.

Appellant Edbert Williams was convicted in 1997 of first-degree premeditated murder for the stabbing death of Genelda Campeau and attempted first-degree murder for the stabbing of Campeau's granddaughter, S.C. Williams filed the present postconviction petition, his second, in 2013, claiming that both his trial and appellate counsel were ineffective. The district court denied the petition without holding an evidentiary hearing. Because Williams's claims are procedurally barred, we affirm.

I.

Police officers found 65-year-old Genelda Campeau stabbed to death in her Saint Paul home in January 1996. When the officers arrived at the scene, they encountered Campeau's granddaughter, S.C., who had suffered two stab wounds, one to her back and another to her chest. The officers questioned S.C. about the incident, and she told them that Williams, her former boyfriend and the father of her child, was the assailant.

Darryl Irby, a former cellmate of Williams, testified at Williams's trial. According to Irby, Williams confessed to killing Campeau and stabbing S.C. Irby also testified that Williams offered him $1,000 to kill S.C. to prevent her from testifying at trial.[1]

---

[1]    Our opinion affirming Williams's convictions on direct appeal contains a more complete recitation of the facts surrounding the offense and Williams's trial. *State v. Williams* (*Williams I*), 593 N.W.2d 227 (Minn. 1999).

The jury found Williams guilty of first-degree premeditated murder for killing Campeau and attempted first-degree murder for stabbing S.C. The district court convicted Williams of both crimes and sentenced him to life imprisonment on the first-degree murder count and to a consecutive term of 180 months on the attempted-murder count. We affirmed both convictions on direct appeal. *State v. Williams* (*Williams I*), 593 N.W.2d 227, 239 (Minn. 1999).

Williams filed his first postconviction petition in 2003. The petition alleged that Irby had recanted his trial testimony, and that S.C. had told Irby that her boyfriend, G.B., had committed the stabbings. The postconviction court held an evidentiary hearing, at which Irby testified.

> Irby testified at the hearing that his trial testimony was true, that his affidavit recanting that testimony was false, and that he had never talked with [S.C.] and did not know her. Irby also testified at the hearing that while in prison, a fellow prisoner named Jackson had provided him with appellate briefs from the Williams case. According to Irby, Jackson and three other prisoners, whom Irby refused to identify over Williams' objection, had threatened him, telling him to help Williams or he would regret it. Irby testified that he had been aided in preparing his false affidavit by the appellate briefs and by conversations with Jackson.

*Williams v. State (Williams II)*, 692 N.W.2d 893, 895-96 (Minn. 2005) (footnotes omitted). Based on this testimony, the postconviction court concluded that Irby's recantation was not genuine. Accordingly, the postconviction court denied Williams's petition, a decision that we affirmed on appeal. *Id.* at 896-97.

This appeal arises out of Williams's second postconviction petition, which he filed in 2013. In it, he claims that he received ineffective assistance of trial and appellate counsel. Williams alleges that his trial counsel was ineffective for failing to investigate

3

G.B. as an alternative perpetrator and for preventing Williams from testifying at trial. He also asserts, using the facts underlying his trial-counsel claim, that his appellate counsel was ineffective for declining to raise an ineffective-assistance-of-trial-counsel claim on direct appeal. The postconviction court denied Williams's petition without holding an evidentiary hearing, concluding that the petition was both untimely under the 2-year statute of limitations for filing a postconviction petition, *see* Minn. Stat. § 590.01, subd. 4 (2014), and procedurally barred under *State v. Knaffla*, 309 Minn. 246, 243 N.W.2d 737 (1976).

## II.

Williams argues that he was, at a minimum, entitled to an evidentiary hearing on each of his ineffective-assistance-of-counsel claims. We review the decision by the postconviction court to grant or deny an evidentiary hearing for an abuse of discretion. *Caldwell v. State*, 853 N.W.2d 766, 770 (Minn. 2014). In doing so, we review the postconviction court's underlying factual findings for clear error and its legal conclusions de novo. *Id.*

In its order denying postconviction relief, the postconviction court denied an evidentiary hearing to Williams because the claims in his petition were "barred by the rule set forth in [*Knaffla*]." According to the postconviction court, Williams could have raised the claims in his 2003 postconviction petition. We have long held that the *Knaffla* rule bars any claims that were, or could have been, raised in a prior postconviction

4

petition.[2]  *See Wayne v. State*, 601 N.W.2d 440, 441 (Minn. 1999).  Accordingly, if each of Williams's claims is procedurally barred, the postconviction court did not abuse its discretion when it denied Williams's request for an evidentiary hearing.  *See Buckingham v. State*, 799 N.W.2d 229, 233-34 (Minn. 2011) (holding that a postconviction petitioner is not entitled to an evidentiary hearing when the "claims are *Knaffla*-barred").

The *Knaffla* rule bars Williams's ineffective-assistance-of-trial-counsel claim because he knew about the claim, and therefore could have raised it, when he filed his 2003 postconviction petition.[3]  We reach the same conclusion about Williams's ineffective-assistance-of-appellate-counsel claim—which is essentially a recasting of his ineffective-assistance-of-trial-counsel claim—because Williams knew of the appellate-counsel claim, at the latest, when we issued our decision in his direct appeal.  He therefore could have raised it in his 2003 petition.

---

[2]  We have yet to decide whether the *Knaffla* exceptions apply under Minn. Stat. § 590.01, subd. 1 (2014), which states that "[a] petition for postconviction relief after a direct appeal has been completed may not be based on grounds that could have been raised on *direct appeal* of the conviction or sentence."  Minn. Stat. § 590.01, subd. 1 (emphasis added).  Because this case involves application of the *Knaffla* rule to claims that were, or could have been, raised in a prior postconviction petition, it does not require us to decide whether, under Minn. Stat. § 590.01, subd. 1, the *Knaffla* exceptions apply to claims that were, or could have been, raised on direct appeal.  *See Hooper v. State*, 838 N.W.2d 775, 788 n.2 (Minn. 2013).

[3]  Williams contends that he could not have raised his ineffective-assistance-of-trial counsel claim on direct appeal because it required the consideration of facts that were not in the trial record.  *See Torres v. State*, 688 N.W.2d 569, 572 (Minn. 2004).  In addressing whether *Knaffla*'s procedural bar applies, we assume, without deciding, that Williams is correct.

Williams suggests that he could not have raised an ineffective-assistance-of-appellate-counsel claim in his 2003 petition because the postconviction court "appointed" the same counsel who had handled his direct appeal. Williams, however, is mistaken about the facts surrounding his 2003 petition. Because Williams had already filed a counseled direct appeal, he was not "appointed" counsel to file his 2003 petition. *See, e.g.*, *Ferguson v. State*, 826 N.W.2d 808, 816 (Minn. 2013) (holding that there is no Sixth Amendment right to counsel in state postconviction proceedings). Rather, he decided to retain the same counsel who had represented him on direct appeal. Regardless, nothing prevented Williams from filing a separate pro se petition for postconviction relief— alongside his counseled petition—alleging ineffective assistance of appellate counsel. Accordingly, we conclude that the fact that the same attorney represented Williams in both his direct appeal and in his first postconviction petition is insufficient to show that he could not have raised an ineffective-assistance-of-appellate-counsel claim in his 2003 petition.

Williams also argues that mental illness prevented him from raising his ineffective-assistance-of-counsel claims in the 2003 petition. However, the postconviction court found, in rejecting his argument that mental illness excused him from the 2-year postconviction statute of limitations, that he had been sufficiently competent to file "a direct appeal, a previous postconviction petition, and an appeal of the previous postconviction order." The postconviction court's finding is not clearly erroneous because, although there is some documentation in the record indicating that

6

Williams suffers from mental illness, there is no evidence supporting his claim that mental illness prevented him from raising these claims in his 2003 petition.[4]

III.

Finally, Williams argues that he has a freestanding "interests of justice" claim, based on *State v. Beecroft*, 813 N.W.2d 814, 846-47 (Minn. 2012) (plurality opinion). Williams has forfeited any such claim, however, because he has raised it for the first time on appeal from the denial of his postconviction petition. *See Schleicher v. State*, 718 N.W.2d 440, 445 (Minn. 2006).

IV.

Because Williams's claims are procedurally barred, the postconviction court did not abuse its discretion when it denied Williams's petition without holding an evidentiary hearing.

Affirmed.

---

[4] For this reason, we also reject his argument under the interests-of-justice exception to the *Knaffla* rule. *See, e.g.*, *Perry v. State*, 731 N.W.2d 143, 146 (Minn. 2007) (stating that, to invoke the interests-of-justice exception to the *Knaffla* rule, a petitioner must not have deliberately and inexcusably failed to raise a claim).