STATE OF MINNESOTA

IN SUPREME COURT

A15-1401

Hennepin County
Stras, J.

Jerome Emmanuel Davis,

Appellant,

vs.
Filed: June 15, 2016
Office of Appellate Courts

State of Minnesota,

Respondent.

_____

Jerome Emmanuel Davis, Stillwater, Minnesota, pro se.

Lori Swanson, Attorney General, Saint Paul, Minnesota; and

Michael O. Freeman, Hennepin County Attorney, Jean Burdorf, Assistant County Attorney, Minneapolis, Minnesota, for respondent.

_____

S Y L L A B U S

The appellant's claims are procedurally barred under *State v. Knaffla*, 309 Minn. 246, 243 N.W.2d 737 (1976).

Affirmed.

Considered and decided by the court without oral argument.

1

O P I N I O N

STRAS, Justice.

Appellant Jerome Emmanuel Davis appeals the postconviction court's summary denial of his petition for postconviction relief. Because we conclude that Davis's claims are procedurally barred under *State v. Knaffla*, 309 Minn. 246, 243 N.W.2d 737 (1976), we affirm.

I.

On May 11, 2007, police officers found Armando Calix lying on the lawn outside of his apartment. Calix had been shot in the neck, which led to his death. After conducting an investigation, officers suspected that either Davis or another individual, Toriano Dorman, had killed Calix during an aggravated robbery. Following a jury trial, the district court convicted Davis of first-degree felony murder, *see* Minn. Stat. §§ 609.185(a)(3); 609.05, subd. 1 (2014), and sentenced him to life in prison. Davis filed a direct appeal of his conviction.

On direct appeal, Davis argued that the district court erred when it: (1) failed to suppress a statement that Davis had made to police officers during a custodial interrogation; (2) did not admit certain hearsay evidence; (3) allowed a witness for the State, Jovan Gentle, to testify about the fear he felt after cooperating with the police; and (4) gave a "no-adverse-inference" jury instruction. *State v. Davis*, 820 N.W.2d 525, 533 (Minn. 2012). Davis additionally asserted that the cumulative effect of those errors deprived him of a fair trial. *Id.* Davis also filed a pro se supplemental brief and a pro se reply brief. Those briefs raised multiple other alleged errors, including that: (1) the State violated the

2

Fifth and Sixth Amendments to the United States Constitution when it deported two potential witnesses; (2) the State's peremptory strike of a minority juror violated *Batson v. Kentucky*, 476 U.S. 79 (1986); and (3) Gentle, who testified against Davis, gave false testimony before the grand jury and at trial. Davis also argued that there were various violations of his right to due process, including the fact that another individual (Toriano Dorman) had already pleaded guilty to the same crime; the admission of uncorroborated accomplice testimony and the failure to give an accomplice-corroboration instruction at trial; and various *Giglio*, *Brady*, and *Scales* violations.[1] Finally, Davis asserted claims of prosecutorial misconduct and ineffective assistance of trial counsel. We affirmed Davis's conviction in an opinion filed on September 19, 2012. *Davis*, 820 N.W.2d at 528.

Davis then filed a petition for a writ of habeas corpus in federal district court in September 2013. *See Davis v. Grandlienard*, Civil No. 13-24449(DSD/JJK), 2015 WL 1522186, at *1 (D. Minn. Mar. 31, 2015). Davis asserted many of the same claims that he had raised on direct appeal. *See id.* at *1-6. The federal district court dismissed Davis's petition with prejudice. *Id.* at *6. However, the district court granted a certificate of appealability on the question of whether the admission of Davis's statement to police was harmless error. *Id.* at *6. Davis's appeal on this question is still pending before the United States Court of Appeals for the Eighth Circuit.

---

[1] *See Giglio v. United States*, 405 U.S. 150 (1972) (requiring the prosecution to disclose evidence that may be used to impeach the credibility of a witness); *Brady v. Maryland*, 373 U.S. 83 (1963) (requiring the prosecution to disclose material exculpatory evidence upon request); *State v. Scales*, 518 N.W.2d 587 (Minn. 1994) (requiring all custodial interrogations at a place of detention to be recorded).

3

More than 2 years after we decided his direct appeal, in mid-December 2014, Davis filed a motion for an extension of time to file his postconviction petition, citing Minn. Stat. § 590.03 (2014) in support of the motion. The postconviction court granted a 6-month extension.[2] Davis filed his petition for postconviction relief, his first, in April 2015, before the extension expired. In the petition, Davis sought an evidentiary hearing, vacation of his sentence, and/or a new trial based on 15 claims. In a supplemental motion, Davis also asked the postconviction court to remedy an alleged factual error in our opinion from his direct appeal. The postconviction court summarily denied the petition, concluding that it was procedurally barred under *State v. Knaffla*, 309 Minn. 246, 243 N.W.2d 737 (1976). The postconviction court also denied Davis's request to correct our opinion, holding that the error, if any, was immaterial. Davis appeals the postconviction court's summary denial of his petition for postconviction relief.

## II.

We review the "denial of a petition for postconviction relief, as well as a request for an evidentiary hearing, for an abuse of discretion." *Riley v. State*, 819 N.W.2d 162, 167 (Minn. 2012). In doing so, we review the postconviction court's underlying factual findings for clear error and its legal conclusions de novo. *Williams v. State*, 869 N.W.2d 316, 318 (Minn. 2015).

---

[2]    On appeal, the State does not contest the grounds on which the postconviction court granted a 6-month extension to Davis to file his postconviction petition or argue that Davis's petition did not satisfy the statute of limitations under Minn. Stat. § 590.01, subd. 4 (2014). Therefore, we need not decide whether Minn. Stat. § 590.03 gives authority to postconviction courts to grant extensions of time beyond the expiration of the statute of limitations or whether Davis's petition was timely filed.

A postconviction court may deny a petition for postconviction relief without holding an evidentiary hearing if the petition, files, and records in the proceeding conclusively establish that the petitioner is not entitled to relief. Minn. Stat. § 590.04, subd. 1 (2014). Accordingly, if a petitioner's claims are untimely under the postconviction statute of limitations, Minn. Stat. § 590.01, subd. 4(a) (2014), or procedurally barred under *State v. Knaffla*, 309 Minn. 246, 243 N.W.2d 737 (1976), then the postconviction court may summarily deny the petition. *Colbert v. State*, 870 N.W.2d 616, 622 (Minn. 2015).

On appeal, Davis argues that he is entitled to relief on the 15 claims he raised in his postconviction petition, each of which the postconviction court determined was procedurally barred. The claims can be placed into four categories: evidentiary decisions by the district court, purported procedural defects, constitutional claims, and allegedly prejudicial misconduct by the State. The evidentiary claims include allegations that the district court erred when it: (1) failed to suppress Davis's statements to police from a custodial interrogation; (2) allowed a witness, Jovan Gentle, to testify about his fear; (3) excluded two witness statements, which the district court concluded were inadmissible hearsay; (4) allowed Gentle to testify falsely before the grand jury and at trial; and (5) admitted uncorroborated accomplice testimony and failed to give an accomplice-corroboration instruction.

Davis identifies the following purported procedural defects as well: (6) the failure to give a "no-adverse-inference" jury instruction and (7) allowing the jury to listen to prejudicial audio recordings during jury deliberations. Davis's constitutional claims include: (8) an alleged *Batson* violation by the State in striking a minority juror;

5

(9) violation of the Fifth and Sixth Amendments to the United States Constitution when the State deported two potential witnesses favorable to the defense; (10) allowing another individual (Toriano Dorman) to plead guilty to the same crime; (11) various *Giglio*, *Brady*, and *Scales* violations; (12) a claim that there was insufficient evidence in the record to support his conviction for first-degree felony murder; and (13) ineffective assistance of counsel. Davis also argues that (14) the State committed prosecutorial misconduct. Finally, Davis contends that (15) the cumulative effect of the errors entitle him to a new trial. As the postconviction court concluded, each of Davis's claims is procedurally barred by the *Knaffla* rule.

"The *Knaffla* rule provides that when a petition for postconviction relief follows a direct appeal of a conviction, all claims raised in the direct appeal and all claims of which the defendant knew or should have known at the time of the direct appeal are procedurally barred." *Buckingham v. State*, 799 N.W.2d 229, 231 (Minn. 2011); *see also Knaffla*, 309 Minn. at 252, 243 N.W.2d at 741 (holding that, once a direct appeal has been taken, "all matters raised therein, and all claims known but not raised, will not be considered upon a subsequent petition for postconviction relief"); Minn. Stat. § 590.01, subd. 1 (2014) ("A petition for postconviction relief after a direct appeal has been completed may not be based on grounds that could have been raised on direct appeal of the conviction or sentence.").

There are, however, two exceptions to the *Knaffla* rule. A postconviction court should consider a claim if it is "(1) an issue so novel that its legal basis was not reasonably available at the time of the direct appeal, or (2) in the interest[s] of justice—when fairness so requires and the petitioner did not deliberately and inexcusably fail to raise the issue on

direct appeal." *Quick v. State*, 757 N.W.2d 278, 280 (Minn. 2008). We have yet to decide whether these exceptions survive the 2005 amendment to Minn. Stat. § 590.01, subd. 1. Act of June 2, 2005, ch. 136, art. 14, § 12, 2005 Minn. Laws 901, 1097; *see Williams*, 869 N.W.2d at 318 n.2; *Hooper v. State*, 838 N.W.2d 775, 788 n.2 (Minn. 2013); *Berkovitz v. State*, 826 N.W.2d 203, 210 n.3 (Minn. 2013).

Applying *Knaffla* to Davis's petition, 13 of the 15 claims are duplicate claims that Davis raised on direct appeal. Because we addressed each of those claims in Davis's direct appeal, they are "undoubtedly *Knaffla*-barred."[3] *See Buckingham*, 799 N.W.2d at 232. The only two "new" claims are Davis's insufficiency-of-the-evidence claim and his claim that the district court erred when it allowed the jury to listen to prejudicial audio recordings during jury deliberations. Because Davis's arguments in support of both of these claims are based on the trial-court record, however, the claims were or should have been known to him at the time of his direct appeal. *See id.* at 231; *Knaffla*, 309 Minn. at 252, 243 N.W.2d at 741. Therefore, these claims are procedurally barred unless an exception to the *Knaffla* rule applies.

Davis argues that we should consider these two claims in the interests of justice because, as a pro se party, he was not aware of them at the time of his direct appeal. We

---

[3]     Under the postconviction statute, a postconviction court "may summarily deny a second or successive petition for similar relief on behalf of the same petitioner and may summarily deny a petition when the issues raised in it have previously been decided by the Court of Appeals or the Supreme Court." Minn. Stat. § 590.04, subd. 3 (2014). However, "[b]ecause the State has failed to assert the applicability of [this provision] in this case, we express no opinion about whether it provides independent support for the postconviction court's decision to summarily deny [Davis's petition]." *Hooper*, 838 N.W.2d at 788 n.3 (discussing Minn. Stat. § 590.04, subd. 3). Indeed, the postconviction court did not rely on Minn. Stat. § 590.04, subd. 3, when it summarily denied Davis's petition.

need not decide whether the *Knaffla* exceptions apply under Minn. Stat. § 590.01, subd. 1, because Davis cannot satisfy either one. *See Nissalke v. State*, 861 N.W.2d 88, 94 n.4 (Minn. 2015) (declining to address whether the *Knaffla* exceptions survive the 2005 amendments to Minn. Stat. § 590.01, subd. 1, because neither exception applied in petitioner's case). Davis has not argued that his claims are novel, and he cannot satisfy the interests-of-justice exception.

"To be reviewed in the interests of justice, a claim must have merit and be asserted without deliberate or inexcusable delay." *Wright v. State*, 765 N.W.2d 85, 90 (Minn. 2009). In this case, Davis "has not presented a colorable explanation of why he failed to raise these claims previously." *Perry v. State*, 731 N.W.2d 143, 147 (Minn. 2007). Davis filed two pro se briefs on direct appeal, in which he raised eight legal claims spanning more than 100 pages of briefing and attached 31 exhibits. Such detailed briefing demonstrated Davis's familiarity with the trial record. Accordingly, Davis's two "new" claims are also procedurally barred.

III.

Davis also appeals the denial of his supplemental motion to correct our opinion from his direct appeal. According to Davis, we made a factual error when we stated that a person identified as "Fifty" rode in Davis's car before the murder. Our opinion stated: "According to Gentle, Davis had two passengers [in his car at the time]: a person he identified as 'Fifty,' and Toriano Dorman." *Davis*, 820 N.W.2d at 528. Davis argues that the testimony from trial does not support this statement.

8

We decline to address Davis's argument for two reasons. First, Davis did not use the proper procedure to correct the alleged error. The Minnesota Rules of Civil Appellate Procedure require a party to file a petition for rehearing to correct "any material question[s]" we have "misapplied or misconceived." *See* Minn. R. Civ. App. P. 140.01. It is undisputed that Davis did not do so, and the time to file a petition for rehearing has now passed. *Id.* ("A petition for rehearing in the Supreme Court may be filed within 10 days after the filing of the decision or order unless the time is enlarged by order of the Supreme Court within a 10-day period."). Second, even if Davis had timely raised the alleged error in a petition for rehearing, he has not persuasively explained why the alleged factual error is "material" such that it would alter our review of his postconviction claims or have affected the outcome of his direct appeal. *Id.* Accordingly, we reject Davis's request to modify our opinion from his direct appeal.

IV.

For the foregoing reasons, we conclude that the postconviction court did not abuse its discretion when it summarily denied relief to Davis.

Affirmed.