STATE OF MINNESOTA

IN SUPREME COURT

A15-1973

Sherburne County                                                          Lillehaug, J.


Kent Richard Jones,

        Appellant,

vs.                                                          Filed:  August 10, 2016
                                                             Office of Appellate Courts
State of Minnesota,

        Respondent.

_____

John Remington Graham, Saint-Agapit, Quebec, Canada, for appellant.

Lori Swanson, Attorney General, Matthew Frank, Karen B. Andrews, Assistant Attorneys General, Saint Paul, Minnesota; and

Kathleen Heaney, Sherburne County Attorney, Elk River, Minnesota, for respondent.
_____

S Y L L A B U S

1.      The postconviction court did not abuse its discretion in denying appellant's petition for postconviction relief as untimely under the statute of limitations in Minn. Stat. § 590.01, subd. 4(a) (2014).

2.      The statute of limitations for filing a petition for postconviction relief is not an unconstitutional ex post facto law as applied to appellant.

1

3.      Minnesota Statutes § 631.21 (2014), which allows dismissal of criminal actions, does not apply to postconviction proceedings.

Affirmed.

Considered and decided by the court without oral argument.

O P I N I O N

LILLEHAUG, Justice.

In November 2006, appellant Kent Jones was found guilty of the murder of Linda Jensen. We affirmed his conviction on direct appeal. *State v. Jones*, 753 N.W.2d 677 (Minn. 2008). Seven years later, Jones filed a petition for postconviction relief, in which he argued that relief was warranted because certain medical evidence, known to Jones at the time of his direct appeal, contradicts the opinion testimony of the State's medical expert at trial. The postconviction court denied Jones' petition without granting a hearing, concluding that the petition was not timely filed under the statute of limitations for a postconviction petition and was procedurally barred under the *Knaffla* rule. Because Jones' petition is untimely under Minn. Stat. § 590.01, subd. 4(a) (2014), we affirm.

I.

On the afternoon of February 24, 1992, Linda Jensen was found brutally murdered in her bedroom.[1] Investigators believed that Jensen had been killed during a sexual assault.

---

[1]     A more complete description of the facts of the crime may be found in our previous opinions. *See Jones*, 753 N.W.2d at 684-85; *State v. Jones*, 678 N.W.2d 1, 5-11 (Minn. 2004).

Investigators spoke to Kent Jones while canvassing area neighborhoods, but he said that he did not know Jensen and had not seen anything suspicious.

Jones first became a suspect in the murder in June 2000, when a private citizen gave investigators the tip that Jones became defensive and angry when she attempted to discuss Jensen's murder with him. Jones had told the tipster that Jensen often jogged past his house and would sometimes stop and talk to him during those runs. This information contradicted what Jones had told police in 1992. Following up on the tip, investigators interviewed Jones, who initially told them that he did not know Jensen and denied that he had ever spoken to her while she was out jogging. After prompting from his wife, however, Jones admitted that he knew Jensen because she had come to his house to discuss having her son join the Cub Scouts group that Jones led. Investigators thereafter obtained a warrant for Jones' DNA, which matched a sample taken from Jensen's vagina.

In May 2001, Jones was indicted on three charges: first-degree murder while committing criminal sexual conduct, Minn. Stat. § 609.185(2) (2000); second-degree intentional murder, Minn. Stat. § 609.19, subd. 1(1) (2000); and first-degree criminal sexual conduct, Minn. Stat. § 609.342, subd. 1(e)(i) (2000). In December 2001, a jury found Jones guilty of all three charges. We reversed Jones' conviction because the district court used the wrong legal standard when excluding alternative-perpetrator evidence proffered by Jones. *State v. Jones*, 678 N.W.2d 1, 15-21 (Minn. 2004). In November 2006, Jones was tried a second time and found guilty of the same three charges. This time, we affirmed Jones' first-degree murder conviction on direct appeal. *Jones*, 753 N.W.2d at 697.

In August 2015, Jones filed a petition for postconviction relief, arguing that his conviction should be reversed because certain medical journal articles and an opinion written by a county medical examiner allegedly contradict the trial testimony of the State's medical examiner. The postconviction court denied Jones' petition without granting an evidentiary hearing, concluding that the petition was untimely under the 2-year statute of limitations in Minn. Stat. § 590.01, subd. 4. The court also concluded that the petition was procedurally barred by the *Knaffla* rule, which bars consideration of postconviction claims that were known or should have been known to the petitioner at the time of direct appeal. *See Colbert v. State*, 870 N.W.2d 616, 626 (Minn. 2015). Finally, the court noted that Jones' postconviction claims "do not require additional factual information for resolution and have no support or basis in any of the records reviewed by the court." Jones now appeals the summary denial of postconviction relief.

## II.

"We review a postconviction court's decision to deny a petition, including its decision to deny the petition without granting an evidentiary hearing, for an abuse of discretion." *State v. Whitson*, 876 N.W.2d 297, 303 (Minn. 2016). In determining whether the postconviction court abused its discretion, "we review the postconviction court's factual findings for clear error and its legal conclusions de novo." *Williams v. State*, 869 N.W.2d 316, 318 (Minn. 2015).

Unless an exception is available, a petition for postconviction relief may not be filed more than 2 years after the final disposition of the petitioner's direct appeal. Minn. Stat. § 590.01, subd. 4(a); *Wayne v. State*, 860 N.W.2d 702, 705 (Minn. 2015). A postconviction

4

court may summarily deny a petition filed after the limitations period has run. *Erickson v. State*, 842 N.W.2d 314, 318 (Minn. 2014).

We affirmed Jones' first-degree murder conviction, and it became final, in 2008. *Jones*, 753 N.W.2d at 697. As his postconviction petition was not filed until 2015—nearly 7 years later—it is untimely under Minn. Stat. § 590.01, subd. 4(a).

Jones argues, however, that the postconviction statute of limitations may not constitutionally be applied to him. Specifically, he contends that to do so would violate the federal and state constitutional prohibitions on ex post facto laws, because the crimes for which he was found guilty occurred in 1992—long before the statute of limitations was enacted. *See* Act of June 2, 2005, ch. 136, art. 14, § 13, 2005 Minn. Laws 901, 1097.

Both the federal and state constitutions prohibit the state legislature from passing ex post facto laws. U.S. Const. art. I, § 10; Minn. Const. art. I, § 11.[2] "To fall within the ex post facto prohibition, a law must be [1] retrospective—that is, it must apply to events occurring before its enactment—and [2] it must disadvantage the offender affected by it." *Hankerson v. State*, 723 N.W.2d 232, 241 (Minn. 2006) (quoting *Lynce v. Mathis*, 519 U.S. 433, 441 (1997)) (internal quotation marks omitted). A law is retrospective when it "tak[es] away or impair[s] vested rights acquired under existing laws, or creat[es] a new obligation, impos[es] a new duty, or attac[hes] a new disability, in respect to transactions

---

[2]  The language of the ex post facto clause in the Minnesota Constitution is "materially identical" to that in the federal constitution. *Rew v. Bergstrom*, 845 N.W.2d 764, 794 (Minn. 2014) (quoting *State v. Ryan*, 13 Minn. 370, 375-76, 13 Gil. 343, 348 (1868)). Jones does not argue that Minnesota's clause provides greater protection than its federal counterpart.

or considerations already past." *Vartelas v. Holder*, __ U.S. __, 132 S. Ct. 1479, 1486-87 (2012) (quoting *Soc. for the Propagation of Gospel v. Wheeler*, 22 F. Cas. 756, 767 (No. 13,156) (CCNH 1814)). A law can work to a defendant's disadvantage and thereby violate the ex post facto clause in four ways: "(1) by punishing as a crime an act previously committed, which was innocent when done; (2) by making more burdensome the punishment for a crime, after its commission[;] (3) by depriving one charged with [a] crime of any defense available according to law at the time when the act was committed," *Hankerson*, 723 N.W.2d at 241 (internal quotation marks omitted); and (4) by "chang[ing] the rules of evidence [so that] less or different testimony is sufficient to convict than was then required," such as by altering the burden of proof or "[r]educing the quantum of evidence necessary to meet the burden," *Carmell v. Texas*, 529 U.S. 513, 532-33, 540 (2000). These four categories encompass the full scope of laws prohibited by the Ex Post Facto Clause of the federal constitution. *Stogner v. California*, 539 U.S. 607, 611-12 (2003).

Minnesota Statutes § 590.01, subd. 4, does not constitute an ex post facto law as applied to Jones because it did not operate retrospectively in his case. Section 590.01, subdivision 4, enacted in 2005, applies to petitions for postconviction relief, which cannot be filed before a conviction and final disposition of any appeal. *See* Minn. Stat. § 590.01, subd. 1 (2014). Jones was not convicted until 2006, and his appeal was not final until 2008. The statute did not alter the consequences of any acts Jones committed in 1992. Thus, the law did not deprive Jones of any vested right or create a new obligation or disability regarding a *past* transaction, and therefore did not operate retrospectively as to Jones.

6

Further, Minn. Stat. § 590.01, subd. 4, is not within one of the four categories of laws prohibited. In establishing a statute of limitations for postconviction petitions, the law does not define any act as criminal, alter the possible punishment imposed for any criminal act, deprive the defendant of any defense, or alter the burden of proof or quantum of evidence necessary to convict. *See Carmell*, 529 U.S. at 540; *Hankerson*, 723 N.W.2d at 241. Thus, it is not an ex post facto law. *See Collins v. Youngblood*, 497 U.S. 37, 41-46 (1990); *id.* at 51 ("[T]he concern of the *Ex Post Facto* Clause" is not whether a law affects a defendant's substantial rights, but whether the law changes "the definition of crimes, defenses, or punishments").

Because Jones' petition was not timely filed, and because Minn. Stat. § 590.01, subd. 4 is not an unconstitutional ex post facto law as applied to him, the postconviction court did not abuse its discretion in concluding that the petition was untimely and denying it without holding an evidentiary hearing.[3]

### III.

Finally, Jones argues that in "rare and unusual cases which demand justice" (such as his, he asserts), Minn. Stat. § 631.21 (2014) is an alternative to chapter 590 that grants the courts the authority—unencumbered by any statute of limitations—to overturn a conviction. We disagree.

Section 631.21 provides, in relevant part: "The court may order a criminal action, whether prosecuted upon indictment or complaint, to be dismissed. The court may order

---

[3]     Because we conclude that Jones' petition is untimely under Minn. Stat. § 590.01, subd. 4, we need not consider whether the *Knaffla* rule bars his petition.

dismissal of an action either on its own motion or upon motion of the prosecuting attorney and in furtherance of justice." By its plain words, section 631.21 applies to an ongoing criminal case in the district court. *See, e.g., Dismissal, Black's Law Dictionary* 569 (10th ed. 2014) ("Termination of an action or claim without further hearing, esp. before trial of the issues involved; esp., a judge's decision to stop a court case."). Section 631.21 does not apply to postconviction proceedings.

This holding disposes of Jones' further argument that "the only way to avoid inconsistency or redundancy between Section 590.01 and Section 631.21" is to conclude that section 631.21 allows review of "extraordinary cases" in which review would otherwise be unavailable under the postconviction statute. There is no inconsistency between sections 590.01 and 631.21; they cover different situations. The latter applies only before, and the former applies only after, a conviction is final.

Accordingly, the postconviction court did not err in dismissing Jones' petition without granting an evidentiary hearing.

Affirmed.