STATE OF MINNESOTA

IN SUPREME COURT

A23-1863

County of Winona                                                    Procaccini, J.

Ricky Darnell Waiters,

                    Appellant,

vs.                                                    Filed:  December 11, 2024
                                                       Office of Appellate Courts
State of Minnesota,

                    Respondent.

_____

Ricky Darnell Waiters, Rush City, Minnesota, pro se.

Keith Ellison, Attorney General, Saint Paul, Minnesota; and

Karin Leonard Sonneman, Winona County Attorney, Winona, Minnesota, for respondent.

_____

S Y L L A B U S

When the record does not disclose the basis for a district court's decision to summarily deny postconviction relief, reversal and remand is necessary because this court cannot determine whether the district court considered the petitioner's claims for relief.

Reversed and remanded.

Considered and decided by the court without oral argument.

1

PROCACCINI, Justice.

Ricky Darnell Waiters appeals from the summary denial of his petition for postconviction relief. In 2018, Waiters was convicted of several offenses, including first-degree felony murder, attempted first-degree felony murder, and drive-by shooting for shooting two people in a bar parking lot, killing one and wounding the other. After his convictions were affirmed on direct appeal, Waiters sought relief in state court through various motions and filings, which the district court construed as petitions for postconviction relief. The district court denied Waiters relief each time. In his current petition for postconviction relief, Waiters seeks reversal of his conviction and a new trial or evidentiary hearing based on several exhibits, mostly dating back to his original trial. The district court summarily denied the petition, and Waiters appealed.

Because the record does not disclose the basis for the district court's decision, we cannot discern whether the district court considered Waiters's claims, and we reverse and remand.

## FACTS

In 2018, a jury found appellant Ricky Darnell Waiters guilty of several offenses, including first-degree felony murder, attempted first-degree felony murder, and drive-by shooting (the underlying felony). *See* Minn. Stat. § 609.185(a)(3) (2022); Minn. Stat. § 609.17 (2022); Minn. Stat. § 609.66, subd. 1e (2022). The facts proved at trial are detailed in *State v. Waiters*, 929 N.W.2d 895, 898–99 (Minn. 2019). To summarize: On July 27, 2016, at around 1:00 a.m., Waiters pulled into the parking lot of E.B.'s Corner Bar

in Winona. As Waiters parked his car, two of the bar's customers approached Waiters's car and told him he was parked the wrong way. Waiters then put his car in reverse, pulled into the alley, and turned onto the street. After driving a few yards, Waiters stopped his car at the nine-foot gap between a semitrailer and the bar. According to several eyewitnesses, when Waiters reached the gap, he pulled out a gun and, sweeping from left to right, fired six shots toward two groups of bar customers. Waiters then fled the scene.

Waiters's shots struck one customer twice, killing him. Another customer was also struck by two bullets but survived. The State charged Waiters with several offenses, including first-degree felony murder and attempted first-degree felony murder. *See* Minn. Stat. § 609.185(a)(3); Minn. Stat. § 609.17. Waiters demanded a jury trial. At trial, he admitted to shooting the two customers but claimed that he acted in self-defense. The jury found Waiters guilty of all charges.

The district court entered convictions on all charges and imposed sentences on Counts I and II—first-degree felony murder and attempted first-degree felony murder. *See* Minn. Stat. § 609.185(a)(3); Minn. Stat. § 609.17. Waiters appealed his convictions, raising several claims. We rejected his arguments and affirmed the convictions.

Following his direct appeal, Waiters—proceeding without counsel—pursued postconviction relief. In March, April, and June 2021, Waiters made three attempts to seek relief, filing: (1) a document titled "Petition in Support of Motion to Compel," seeking discovery to help support his claims; (2) a document titled "Second Motion to Compel," seeking additional discovery; and (3) a document titled "Third Motion in Support of Motion to Compel," seeking discovery to help support additional claims. The State,

construing Waiters's filings as petitions for postconviction relief, asserted that Waiters was not entitled to relief. The district court held a hearing, and Waiters appeared without counsel. On July 19, 2021, the district court denied each of Waiters's requests for relief in a written order.

Waiters then filed a document titled "Additional Discovery Requests due to need to prevent perjury and assure the integrity of trial." Waiters requested additional discovery from the State; sought to subpoena his trial attorneys, appellate attorney, public defender investigator, and television news outlets; and sought to obtain recorded video from the Houston County Jail. Waiters also argued that he was denied effective assistance of trial and appellate counsel. As it had done before, the district court construed this filing as a petition for postconviction relief and denied the petition, concluding that Waiters's claims were procedurally barred and that Waiters was not entitled to further discovery.

Waiters appealed the district court's July 19, 2021 order denying his requests for postconviction relief. Although we granted Waiters extensions to file his brief, Waiters did not comply with the extended filing deadlines, so we dismissed his appeal under Minnesota Rule of Civil Appellate Procedure 142.02. Waiters then moved to reinstate his appeal under the same rule. We denied the motion, concluding that Waiters had not shown that his appeal was meritorious, as the rule requires. Minn. R. Civ. App. P. 142.02.

On November 8, 2023, Waiters filed his current petition for postconviction relief seeking reversal of his convictions or a new trial based on several claims, which can be generally characterized as: (1) ineffective assistance of trial and appellate counsel,

4

(2) prosecutorial misconduct, (3) erroneous evidentiary rulings, and (4) insufficient evidence. Waiters included 12 exhibits to support his claims.

On November 14, 2023, six days after Waiters filed his petition and before the State had responded,[1] the district court filed a "Notice of Judicial Determination" (the Notice), stating that the district court judge had reviewed the request for postconviction relief and that "Petitioner's request to vacate convictions and remand for a new trial is denied." The Notice does not explain the district court's reasons for denying relief.

Waiters appealed. Respondent State of Minnesota failed to file a brief or move for an extension to do so.[2]

## ANALYSIS

Waiters appeals the Notice in which the district court summarily denied his petition for postconviction relief without a hearing.[3] A district court must hold an evidentiary

---

[1] The State had 20 days to respond to the petition. Minn. Stat. § 590.03 (2022) ("Within 20 days after the filing of the petition . . . the state[] shall respond to the petition by answer or motion which shall be filed with the court administrator of district court and served on the petitioner.").

[2] On November 14, 2024, Waiters filed a motion for leave to file an amended brief. *See* Minn. R. Civ. App. P. 128.02, subd. 4 ("No further briefs may be filed except with leave of the appellate court."). Waiters has not established cause to support this request, and—given our disposition of the case—the proposed amendments would not impact our analysis of the district court's decision. We therefore deny Waiters's request for leave to file an amended brief.

[3] A defendant in a first-degree murder case may appeal from "an adverse final order in a postconviction proceeding." Minn. R. Crim. P. 29.03, subd. 3(d). Here, the Notice appears to be a memorialization of an order. The State did not file a brief challenging the appealability of the Notice, and the Notice states that Waiters's "request to vacate convictions and remand for a new trial is denied." Given these circumstances, we construe the Notice as a final order.

hearing on a postconviction petition "[u]nless the petition and the files and records of the proceeding conclusively show that the petitioner is entitled to no relief." Minn. Stat. § 590.04, subd. 1 (2022).

In *Scruggs v. State*, we considered whether a district court that had held an evidentiary hearing on a petition for postconviction relief had improperly denied the petition when it did not make findings of fact or conclusions of law. 484 N.W.2d 21, 24 (Minn. 1992). We explained that "[t]he postconviction court makes findings and conclusions to facilitate appellate review," and "where the reviewing court cannot ascertain whether the postconviction court actually considered one of the petitioner's claims, remand is appropriate." *Id.* But "if the record is clear and yields an obvious answer to the relevant questions raised on appeal, the reviewing court may disregard the absence of findings of fact or conclusions of law." *Id.* at 25 (citation omitted) (internal quotation marks omitted). We determined that the district court in *Scruggs* did not improperly deny the petition because the district court judge had "also presided over trial and the record clearly and conclusively support[ed] the denial of relief." *Id.*

*Scruggs* differs from this case in at least one important way: In *Scruggs*, the district court held a two-day evidentiary hearing on the petition, during which it heard testimony from the defendant and his attorney. *Id.* at 24. The fact that the district court held a hearing showed that it had considered and addressed the defendant's claims for postconviction relief, and we relied on evidence presented in the hearing when we affirmed the district court's denial of relief. *Id.* at 25–27. Here, the district court held no hearing, and the Notice contains no discussion of Waiters's claims. Unlike *Scruggs*, on this record, we

6

"cannot ascertain whether the postconviction court actually considered" the relevant claims.[4] *Id.* at 24; *c.f. State v. Sorenson*, 441 N.W.2d 455, 457 (Minn. 1989) (stating that an appellate court usually "will not decide issues which are not first addressed by the [district] court").

Because the record does not disclose the district court's reasons for denying Waiters's petition, under the rule of law set forth in *Scruggs*, we reverse and remand to the district court.[5] In reaching this decision, we take no position on the merits of Waiters's petition or his request for an evidentiary hearing.

---

[4] We have similarly observed that a district court may abuse its discretion if it fails to exercise that discretion. *See Gilbert v. State*, 2 N.W.3d 483, 487 n.4 (Minn. 2024) ("While not dispositive, the court of appeals has similarly held that a district court's failure to exercise discretion constitutes an abuse of discretion." (citing *State v. DeLaCruz*, 884 N.W.2d 878, 888 (Minn. App. 2016))); *see also State v. Curtiss*, 353 N.W.2d 262, 264 (Minn. App. 1984) ("This is not that rare case where we interfere with the exercise of discretion, but a case where the exercise of discretion has not occurred."). Here, the record before us does not allow us to determine whether the district court exercised its discretion.

[5] We would have to speculate to reach a conclusion as to whether the district court's decision relied on the statutory procedural and time bars to postconviction relief under Minnesota Statutes section 590.01, subdivisions 1, 4 (2022); an assessment that "the petition and the files and records of the proceeding conclusively show that the petitioner is entitled to no relief" under Minnesota Statutes section 590.04, subdivision 1; an application of the provision allowing summary denial of successive petitions found in section 590.04, subdivision 3 (2022); or some other basis.

The need for remand is compounded by the district court's issuance of its Notice before the time had passed for the State to respond to the petition for postconviction relief. Although a district court "has the discretion to consider the time limits [for postconviction petitions] on its own motion in order to control its docket," we have explained that "the court must give notice to the parties and afford them the opportunity to be heard" before ruling on the issue. *Weitzel v. State*, 883 N.W.2d 553, 560 (Minn. 2016) (citing *Day v. McDonough*, 547 U.S. 198, 210 (2006)). Here, to the extent that the district court may have determined that Waiters's claims were time barred, the district court did not provide the parties with notice or an opportunity to be heard.

**CONCLUSION**

For the foregoing reasons, we reverse the decision of the district court and remand for further proceedings consistent with this opinion.

Reversed and remanded.

---

We have similarly declined to consider whether Minnesota Statutes section 590.04, subdivision 3, which allows the summary denial of successive postconviction petitions, provides independent support for a district court's decision to summarily deny a petition for postconviction relief when the State has not asserted the applicability of that provision. *See Davis v. State*, 880 N.W.2d 373, 377 n.3 (Minn. 2016); *Hooper v. State*, 838 N.W.2d 775, 788 n.3 (Minn. 2013).

Because we conclude that reversal and remand is required—and because these additional issues have not been briefed—we decline to address the impact, if any, that the district court's decision had on the availability of certain defenses to the State.